[No. 9448.  In Bank. — January 27, 1886.]

THOMAS FOWLER, APPELLANT, *v.* WILLIAM SUTHERLAND, ADMINISTRATOR ETC. OF JOHN SUTHERLAND, DECEASED, ET AL., RESPONDENTS.

SPECIFIC PERFORMANCE—VERBAL CONTRACT FOR SALE OF LAND — OFFER OF PAYMENT — DELAY. — The action was brought by a vendee under a verbal contract for the sale of several distinct tracts of land, to procure the specific enforcement of the contract, on the ground of part performance.

The contract provided that the vendee should pay for the land within a reasonable time. The complaint showed that the plaintiff did not offer to pay for the land until two years and three months after the date of the contract, and failed to allege any excuse for the delay or facts showing an acquiescence by the vendor. *Held*, on a demurrer to the complaint, that the court would not presume that the offer to pay was made within a reasonable time.

ID. — ALLEGATIONS OF PART PERFORMANCE. — In such a case, the acts which constitute the part performance must be distinctly and clearly stated in the complaint, and an allegation that the vendee entered upon the premises and made valuable improvements is insufficient.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*Campbell & Hinds*, for Appellant.

*Bennett, Wigginton & Creed*, and *E. D. Edwards*, for Respondents.

BELCHER, C. C.—This is an action to enforce the specific performance of an alleged verbal contract for the sale of certain lands in the county of Fresno, on the ground of part performance. The contract is alleged to have been made between one John Sutherland, deceased, and one Jesse Morrow, and the lands referred to consist of several separate and disconnected lots in the town of Fresno, and several other tracts situated in different parts of the county, some of them being miles apart.

The allegations of the complaint are: "That on the nineteenth day of July, 1880, one Jesse Morrow and the said John Sutherland entered into a verbal agreement whereby the said John Sutherland agreed to sell and convey to the said Jesse Morrow all of the above-described property, on the payment to him, his heirs, executors, administrators, or assigns, within a reasonable time thereafter, by the said Jesse Morrow, his heirs, executors, administrators, or assigns, the sum of ten thousand dollars, lawful money of the United States of America, the said

Jesse Morrow agreeing at the same time with the said John Sutherland, to pay to him, his heirs, executors, administrators, or assigns, the said sum of ten thousand dollars within a reasonable time thereafter.    That afterwards, and in pursuance of the said verbal agreement aforesaid, the said Jesse Morrow entered upon said premises with the consent and acquiescence of the said John Sutherland, and in part performance of said agreement, and with the full knowledge of said Sutherland, made valuable improvements upon said property, to wit, of the value of fifteen hundred dollars.

The complaint also alleges the death of John Sutherland on the twentieth day of August, 1881; the appointment of the defendant William Sutherland as administrator of his estate; the assignment by Morrow to the plaintiff, for a good and valuable consideration, of "all his (Morrow's) right, title, and interest in said agreement aforesaid, and in and to the said land," and a tender by the plaintiff, on the twenty-fifth day of October, 1882, to the administrator of the estate of Sutherland of "the sum of ten thousand dollars as the purchase price of said land, together with a sum additional thereto, in payment of lawful interest on the said ten thousand dollars, from the nineteenth day of July, A. D. 1880, to the commencement of this suit, at the same time demanding from the said administrator a deed of conveyance of said lands," which tender and conveyance were refused.

The defendants demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and upon the further ground that it was ambiguous, unintelligible, and uncertain, in that it did not specify the terms of the agreement for the sale of the land, nor what improvements were made by the plaintiff or his grantor, nor the particular tract or tracts of land on which such improvements were claimed to to have been made.

The court sustained the demurrer, and the plaintiff

declining to amend, judgment was entered in favor of the defendants.

We think the demurrer was properly sustained.

The contract sought to be specifically enforced was made July 19, 1880. As alleged, Morrow was to pay Sutherland for the property within a reasonable time. More than a year elapsed without any offer on his part to comply with his agreement in that particular, and then Sutherland died. An administrator of his estate was appointed and qualified, and more than another year elapsed without any offer by Morrow or his assignee to pay for the property. According to the allegations of the complaint, it was more than two years and three months after Morrow agreed to pay for the land "within a reasonable time" before there was any offer to comply with the agreement on his part. There is no attempt in the complaint to explain or account for this delay, or to show that it arose from any just cause, or was acquiesced in by Sutherland and the defendants.

As pleadings are construed most strongly against the pleader, we cannot say, therefore, that there was any just cause ·for the delay, or that it was acquiesced in. Nor can we say that two years and three months is a reasonable time within which to offer to comply with such an agreement, knowing as we must that in that time great changes often occur in the value of lands in this state.

But courts of equity do not grant the specific performance of contracts when there has been long and unexplained delay in asking for their assistance. In *Benedict* v. *Lynch*, 1 Johns. Ch. 379, Chancellor Kent, after reviewing learnedly the authorities, stated the general principle to be "that time is a circumstance of decisive importance in these contracts, but it may be waived by the conduct of the party; that it is incumbent to the plaintiff, calling for a specific performance, to show that he has used due· diligence, or if not, that his negligence

arose from some just cause, or has been acquiesced in; that it is not necessary for the party resisting the performance to show any particular injury or inconvenience; that it is sufficient if he has not acquiesced in the negligence of the plaintiff."

Judge Story, speaking upon the subject, says: "In general, it may be stated that to entitle a party to specific performance, he must show that he has been in no default in not having performed the agreement, and that he has taken all proper steps towards the performance on his own part. If he has been guilty of gross laches, or if he applies for relief after a long lapse of time, unexplained by equitable circumstances, his bill will be dismissed." (Story's Eq. Pl., sec. 791; see also *Weber* v. *Marshall*, 19 Cal. 459.)

The complaint is also obnoxious to the objection that it is ambiguous and uncertain. Where specific performance is asked on the ground of part performance, the acts which constitute the part performance should be distinctly and clearly stated. Here the averment is that "Morrow entered upon said premises," and "made valuable improvements upon said property." How did he enter? and was his entry upon each. of the separate and distinct parcels of land, or only upon one of them?

Of what did the valuable improvements consist, and where were they placed? Were they permanent or temporary in their character? For aught that appears, they may have been all placed upon one of the separate parcels, and may have been, as suggested by counsel, mere portable fences.

We think the judgment should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.