[No. 13009.   Department One. — May 28, 1891.]

W. L. FOSTER, RESPONDENT, *v.* JAMES H. MA-
GINNIS, · APPELLANT.

SPECIFIC PERFORMANCE — PAROL CONTRACT — PART PERFORMANCE. — A
vendee claiming the right to a conveyance of land under a parol contract,
upon the ground of part performance, must make out by clear and satis-
factory proof the existence of the contract alleged by him; and it is not
enough that the acts of part performance proved are evidence of some
agreement, but they must be unequivocal and satisfactory evidence of
the particular agreement charged in the complaint.

ID. — IMPROVEMENTS. — The fact that the vendee moved some fence-posts
and lumber upon the land is not such a part performance of the contract
as will entitle him to its specific enforcement.

ID. — ACTS OF PART PERFORMANCE. — To entitle a vendee of a parol contract
for the conveyance of land to a specific performance, on the ground of
part performance, the acts of part performance must have been done by
the vendee, with the consent and knowledge of the vendor, and in pur-
suance of the contract, and with a design of carrying the same into exe-
cution.

ID. — STATUTE OF FRAUDS — EQUITABLE FRAUD. — Equitable fraud is the
basis of an action to enforce a parol contract for the sale of land on the
ground of part performance; that is, fraud as a necessary consequence, if
the vendor were allowed to set up the statute of frauds as a defense, so
as to secure for himself the benefit of the purchaser's acts of part per-
formance.

APPEAL from a judgment of the Superior Court of
Lake County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Clitus Barbour*, for Appellant.

The contract alleged is too indefinite for an intelligent
decree. (*Burnett* v. *Kullak*, 76 Cal. 535; *Magee* v. *Mc-
Manus*, 70 Cal. 553; *Co-operative Association* v. *Phillips*,
56 Cal. 539; *Breckinridge* v. *Crocker*, 78 Cal. 529.) The
averment of part performance by payment is not enough.
(*Forrester* v. *Flores*, 64 Cal. 24.) Nor is it helped out by
the other acts of part performance set out in the amended
complaint. (*Frixen* v. *Castro*, 58 Cal. 442; *Fowler* v.
*Sutherland*, 68 Cal. 418.) In actions for specific perform-
ance of parol contracts for the sale of land, four funda-

mental propositions must be established by plaintiff: 1. Clear, definite, and conclusive proof of a contract, leaving no *jus deliberandi*, nor *locus penitentiæ;* 2. Consideration paid or tendered; 3. Such part performance that rescission would be a fraud on the other party, and which could not be fully compensated in damages at law; 4. That delivery has been had under the contract, and acquiesced in, and this cannot be satisfied by proof of a scrambling or litigious possession. (*Purcell* v. *Coleman,* 4 Wall. 513–519; *Arguello* v. *Edinger,* 10 Cal. 159; *Blum* v. *Robertson,* 24 Cal. 142; *Morrison* v. *Rossignol,* 5 Cal. 64; *Minturn* v. *Baylis,* 33 Cal. 129; *Agard* v. *Valencia,* 39 Cal. 301, 302; *Bruck* v. *Tucker,* 42 Cal. 353, 354; Civ. Code, secs. 3390, 3391; Code Civ. Proc. 1971, 1972.) The only foundation for plaintiff's claim being for services for selling the land, he could not compel the giving of the deed. (*Fuller* v. *Reed,* 38 Cal. 99; *Cooper* v. *Pena,* 21 Cal. 403; *Patten* v. *Hicks,* 43 Cal. 509.) Plaintiff never took possession of the land. (*Taylor* v. *C. P. R. R. Co.,* 67 Cal. 620, and cases cited.)

*George Hudson, James Wheeler,* and *R. W. Crump,* for Respondent.

On the facts found, the plaintiff was clearly entitled to the relief granted. The Civil Code, while providing that no sale of real property shall be valid unless in writing, adds: "But this does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof." (Civ. Code, sec. 1741; *McCarger* v. *Rood,* 47 Cal. 138; *Clark* v. *Clark,* 49 Cal. 586; *Tohler* v. *Folsom,* 1 Cal. 207; *Arguello* v. *Edinger,* 10 Cal. 150; *Manly* v. *Howlett,* 55 Cal. 94.) The question as to whether the improvements made are sufficient to take the case out of the statute is a question of fact for the court below, and if supported by evidence, is not reviewable in this court. The services in selling the land was

a sufficient consideration, as specific performance will be decreed of even a voluntary conveyance. (*Manly* v. *Howlett*, 55 Cal. 94.) The complaint was sufficient, as it need state only the ultimate and not the probative facts. (Code Civ. Proc., sec. 426.)

GAROUTTE, J.—This is an action for the specific performance of a parol contract to convey land.

Among other facts, the court found: "Defendant verbally sold the land described in the complaint to plaintiff for two hundred dollars, which sum plaintiff then and there paid to defendant.

"That then and there defendant agreed to execute and deliver to plaintiff a deed thereto, and plaintiff immediately took possession of said land, with the knowledge and consent of defendant, and made valuable improvements thereon."

After a careful examination of the evidence in this case, we are satisfied that it does not support the foregoing findings.

In the case of *Blum* v. *Robertson*, 24 Cal. 142, this court said: "It is a rule well settled that a party who claims a right to a conveyance of land under a parol or verbal contract upon the ground of part performance must make out by clear and satisfactory proof the existence of the contract alleged by him; and it is not enough that the acts of part performance proved are evidence of some agreement, but they must be unequivocal and satisfactory evidence of the particular agreement charged in the complaint."

The terms of the contract in this case, under any aspect of the evidence, are vague and indefinite in the extreme. The plaintiff himself says that the defendant was to deed him all the land south of the road and fence, and there appears to be some of the tract claimed between the road and fence.

It appears this particular tract of land was bought by defendant of Mrs. Reeves, and paid for at the time other

tracts were purchased; and whatever promises defendant made to plaintiff as to deeding him this land were made without any consideration whatever, and partook of the nature of a gift without delivery.

But whatever the contract may have been, there is no evidence to support the finding that "defendant sold said land to plaintiff for two hundred dollars, and which sum plaintiff then and there paid to defendant."

And again, there is no evidence to support the finding that "the plaintiff immediately took possession of said land with the knowledge and consent of defendant, and made valuable improvements thereon."

The fact that he moved some personal property upon the land in the nature of fence-posts and loose lumber is not a compliance with the rules of courts of equity requiring permanent and valuable improvements; and according to the testimony of plaintiff himself, the defendant never consented to his possession or authorized it in any way; indeed, there is no evidence showing that he had any knowledge of it.

Equitable fraud is the basis of this character of action; that is, fraud as a necessary consequence in setting up the statute as a defense, and the vendor thus securing for himself the benefits of the acts of part performance.

It follows from this principle that the acts of part performance must be done by the party seeking to enforce the contract; and must be done in pursuance of the contract, and with a design of carrying the same into execution; and must be done with the consent and knowledge of the other party.

While there may be some trust relation existing between these parties as to this land, the evidence fails to disclose sufficient facts upon which to base a decree for specific performance.

Let the judgment and order be reversed, and the cause remanded for a new trial.

PATERSON, J., and HARRISON, J., concurred.