ESHLEMAN v. HENRIETTA VINEYARD CO. et al. (No. 3180.) SAME v. MALTER et al. (No. 3593.) HENRIETTA VINEYARD CO. v. ESHLEMAN et al. (No. 3653.)*

No. 18,018; March 29, 1894.

36 Pac. 775.

**Specific Performance—Parol Contract—Part Performance.—** In an action brought in 1890 for specific performance of an oral contract to convey land, made in 1886, the court found that plaintiff was in possession, and took crops off the land, during 1886 and 1887, with defendant's knowledge, and that during such time, and ever since, plaintiff claimed title under the contract; but it was not alleged or found that plaintiff continued in possession after 1887. She never paid anything on the contract price, though she tendered the whole of it "prior to the commencement of this action." Held,

*See 102 Cal. 199, 36 Pac. 579.

that there was no such part performance as would take the contract out of the statute of frauds.

**Specific Performance—Laches.—Where a Vendee of Land De-**
lays more than four years after she accepts a deed, before suing to compel a conveyance of land which she alleges was wrongfully reserved in the deed to the grantor, she is not entitled to relief, though she did not discover the error until within three years of the suit, in the absence of fraud or deception which prevented her from sooner discovering it.

**Specific Performance—Laches.—Where It is not Found That**
Plaintiff did not discover the error thirty-five months before the commencement of such action, and before she tendered payment and demanded a deed, she is not entitled to specific performance, even if her negligence in not discovering the error sooner than she did was excusable.

APPEAL from Superior Court, Fresno County; M. K. Harris, Judge.

Three actions—one by M. D. Eshleman against the Henrietta Vineyard Company and G. H. Malter, one by the same plaintiff against G. H. Malter and others, and one by the Henrietta Vineyard Company against I. S. Eshleman and others. From a judgment for defendants in each of the actions, plaintiff appeals. Affirmed.

Edward Lynch for appellants; Tupper & Tupper for respondents.

VANCLIEF, C.—These three causes, together, are designated in this court by the number 18,018. In the lower court, they were numbered, respectively, 3180, 3593, and 3653, as above. All the parties to the three causes, being represented here by the same attorneys, have stipulated that the decision of this court in the first order, 3180, shall control the judgment in the other two. That is, if the judgment of the lower court is affirmed in the first, it shall be affirmed in the other two; but, if reversed or modified in the first, it shall be reversed or modified likewise in the other two. Therefore, only the appeal in the first (Eshleman v. Henrietta Vineyard Company and Malter) need be considered. It is an action to enforce specific performance of a contract to sell to plaintiff certain tracts of land situated in the county of Fresno, originally executed in writing. The written contract was between the defendant Malter, of the first part (vendor), and I. S.

Eshleman, of .the second part (vendee). At the time the contract was executed (January 11, 1886), the title to the land which was the subject of the contract was in the defendant Henrietta Vineyard Company, a corporation, whose directors are alleged and found to have been under the control of Malter, by virtue of his ownership of all the stock, except a few shares held by the directors. I. S. Eshleman made the contract for the benefit of the plaintiff, and assigned it to plaintiff before the commencement of this action. The land to be conveyed consisted of certain described legal subdivisions of sections 16 and 17, containing about seven hundred and twenty acres, and included the northeast quarter of section 17, except a small parcel thereof, called the "Winery Tract," on which was a winery. This Winery tract was reserved from the sale by the following description in the contract. "A tract of from ten to, and not exceeding, twenty acres, on which the winery of the party of the first part now stands, bounded on the north by the north line of said section, to lie in a compact and square shape, with its northwest corner at the point on said north line, which is now the northeast corner of the orchard on the northwest quarter of the northeast quarter of said section, and with its northeast corner on said line, at a point thirty feet west of the headgates of the ditches which irrigate said lands, and with its south line not exceeding two hundred feet south of said winery." The contract price to be paid for the land was expressed to be "at the rate of $41.66⅔ per a..e." It is alleged in the complaint, and found by the court, that on January 20, 1886, nine days after the date of the contract, Malter procured a conveyance from the Henrietta Vineyard Company to plaintiff of all the several tracts of land described in the contract; reserving, however, from the northeast quarter of section 17, fourteen and forty-six hundredths acres as the Winery tract, plainly described in the deed to plaintiff, in connection with the description of the north line of said northeast quarter of section 17, as follows: "And also that part of the northeast quarter of section seventeen (17) bounded and particularly described as follows, to wit: Beginning at the northeast corner thereof, running thence west on its north line twenty-four and 72 hundredths chains; *thence, at right angles, south, thirteen and 15 hundredths chains (13.15); thence west eleven (11) chains; thence, at right angles, north, thirteen and 15 hundredths*

*chains (13.15), to said north line thereof;* thence west, along said north line, to the northwest corner of said section''; and thence runs south, west, and north, around the quarter section, to the place of beginning. The italicized part of the description shows the exclusion of the fourteen and forty-six hundredths acres, as the Winery tract, ''in a compact square form.'' The plaintiff accepted the deed with this description without objection, and paid for the land conveyed, and no more, at the contract price per acre; and defendants contend that this was full performance of the contract on their part. On the next day after the conveyance to plaintiff, the Henrietta Vineyard Company conveyed the reserved Winery tract to the defendant Malter and E. B. Rogers. It is claimed by plaintiff that the tract reserved for the winery is not in conformity with the contract as understood by the parties, either as to quantity of land or the form in which it is located; that it contains too much land, by eight acres; and that the lines bounding the east and west sides thereof, instead of running from the north line of the section directly south, at right angles therewith, should have run south, forty degrees and forty-three minutes east. Counsel for appellant has attached to his brief a little map, which he says correctly represents the difference between the tract reserved and the tract which should have been reserved, as follows:

This map will sufficiently represent the difference, as understood by counsel, without reference to the coloring.

It is alleged in the complaint, and the court found, that the Winery tract referred to in said agreement was at the date of said agreement, and still is, "a well-marked and defined body of land, of square shape, bounded on the north by the section line of section 17 . . . . and a fence; on the west by a straight row of large trees . . . . and a fence; on the east by a straight row of large trees"; and "that it was agreed and understood between the parties to said agreement and plaintiff, at its execution, that the Winery tract to be reserved by the terms of said agreement was the body of land last above described, and said tract was pointed out on the ground to said I. S. Eshleman and plaintiff, at the date of said agreement by said Malter and his agent, as the Winery tract referred to in said agreement." It should be noted, in passing, that this is not very definite as to what was pointed out. No boundary for the southeast end is mentioned. Nor is it said that any fences or rows of trees were pointed out as boundaries. It is further alleged and found that during the years 1886 and 1887 the plaintiff was in possession of the two parcels of land in question, and that she cultivated the same, with the knowledge of the defendants. These two parcels, of which a conveyance is sought to be enforced, are separated from each other by the parcel which plaintiff claims should have been reserved as shown on the above map, and together contain about eight acres. It is also found that prior to the commencement of this action (how long before is not found) the plaintiff tendered to each of said defendants, and to said E. B. Rogers, the contract price of said two parcels of land, and demanded from each a conveyance of their title thereto; that the defendants refused to convey, but that Rogers, on April 1, 1891, conveyed to plaintiff all his right, title, and interest in the whole tract of fourteen and forty-six hundredths acres reserved in the deed, his interest being an undivided half thereof, for which plaintiff paid him the contract price per acre. So that plaintiff seeks by this action to enforce a conveyance from defendants of only an undivided half of the two small, separate tracts, containing eight and six hundredths acres, in which it is found that the corporation defendant has no interest whatever, having conveyed the whole tract of fourteen and forty-six hundredths acres reserved in the deed to Malter and Rogers on January 21, 1886. The court found, as

a conclusion of law, that plaintiff was not entitled to a decree for specific performance of the agreement, and rendered judgment accordingly. The plaintiff appeals from the judgment, on the judgment-roll, and contends only that, upon the findings of fact, the judgment should have been for plaintiff, decreeing specific performance of the contract—not as written, however, but according to a contemporaneous understanding and agreement between the parties, which was not reduced to writing, and which is palpably inconsistent with the written contract, or any possible construction of it. Therefore, to the extent that the verbal differs from the written agreement, the action must be deemed an action for specific performance of a verbal agreement, and treated accordingly, and so it seems to be regarded by counsel for appellant; and, since the findings warrant no relief independent of the verbal agreement, the judgment should be affirmed, unless they are sufficient to support a decree for specific performance of a verbal agreement.

1. In the first place, a part performance of the agreement by the plaintiff was essential to the support of such a decree, but this fact is not found. It is found, however, that during the years 1886 and 1887 the plaintiff was in actual, exclusive and peaceable possession of the two tracts of land in question, and that she cultivated and took crops off the same with the knowledge of the defendants, and that during said years plaintiff claimed, and has ever since claimed, title to each of said tracts of land under the agreement. But it is not found, even by implication, that the defendants consented to such possession, nor that they had notice that plaintiff claimed title at any time before she tendered payment to Malter and Rogers, and demanded of them a deed, which tender and demand are alleged and found to have been made "prior to the commencement of this action"; but how long prior to the commencement of the action is not alleged nor found. It is found, however, that defendants had knowledge that plaintiff cultivated and took crops off the land in question; but this mere knowledge of defendants does not imply their consent, although such knowledge, without objection, would imply consent, under some circumstances. The mere knowledge of defendants that plaintiff cultivated and took crops from the land during the years 1886 and 1887 is not, under the circumstances disclosed by the findings, inconsistent with the fact that the cultivation and

taking of crops were without defendants' consent, and even against their express protest, and therefore does not imply their consent. Why is it neither alleged nor found that plaintiff continued in possession after 1887, and up to the commencement of the action—April 8, 1890? The probable reason that there is no finding as to such possession during the years 1888 and 1889 is that there was no allegation of possession during these two years; and, as against the pleader, it is fair to presume that there was no such allegation because there was no such possession. There is no pretense that plaintiff improved the land, and it appears that she never paid a dollar on the contract price, since she tendered the whole contract price "prior to the commencement of this action." All the money paid had been applied to payment for the land deeded to her on January 20, 1886, at the contract price of $41.66⅔ per acre. Nor is there any pretense that the land in question is of greater average value per acre than the land conveyed, nor that the cultivation and cropping of the land in 1886 and 1887 were unprofitable, nor that defendants were benefited thereby. Since the plaintiff has suffered no injury, and the defendants have gained no advantage, from plaintiff's possession and cultivation of the land, it follows that such possession and cultivation did not constitute such part performance as will exempt the verbal agreement from the effect of the statute of frauds. The essential constituents of such part performance as will take a verbal contract for the sale of land out of the statute of frauds are concisely stated by Mr. Pomeroy, in his book on Contracts (section 104), as follows: "The foundation of the doctrine is fraud; not necessarily an antecedent fraud, consciously intended by the party in making the contract, but a fraud inhering in the consequence of thus setting up the statute. When a verbal contract has been made, and one party has knowingly aided or permitted the other to go on and do acts in part performance of the agreement, acts done in full reliance upon such agreement as a valid and binding contract, and which would not have been done without the agreement, and which are of such a nature as to change the relations of the parties, and to prevent a restoration to their former condition and an adequate compensation for the loss by a legal judgment for damages, then it would be a virtual fraud in the first party to interpose the statute of frauds as a

bar to the completion of the contract, and thus to secure for himself all the benefits of the acts already done in part performance, while the other party would not only lose all advantage from the bargain, but would be left without adequate remedy for its failure or compensation for what he had done in pursuance of it. To prevent the success of such a palpable fraud, equity interposes under these circumstances, and compels an entire completion of the contract, by decreeing its specific execution." To the same effect is the case of Foster v. Maginnis, 89 Cal. 264, 26 Pac. 828.

2. Plaintiff's delay of more than four years after having accepted the deed of January 20, 1886, as full performance of the agreement on the part of defendants, was so unreasonable, under the circumstances, as to justify the denial of the relief sought. It is true the court found that plaintiff did not discover the alleged error in the description of the land until within three years before the commencement of the action, but did not find when, within three years, plaintiff first discovered the error. But, in the absence of fraud or deception on the part of defendants, the failure of plaintiff to discover that the plain and definite description of the land in the deed which she accepted was not in accordance with the verbal agreement must have been the result of her own inexcusable negligence, from the consequence of which a court of equity will not ordinarily grant the kind of relief sought in this case: Pomeroy on Contracts, sec. 444. But, conceding that the negligence was excusable, it is not found that plaintiff did not discover the error two years and eleven months before the commencement of the action, and before she tendered payment and demanded a deed for the two parcels sued for; and, as the burden of excusing her delay devolved upon plaintiff, it may be presumed that she discovered the error barely within three years before she made any complaint whatever. In Fowler v. Sutherland, 68 Cal. 415, 9 Pac. 674, a delay of two years and three months was held to be unreasonable. In Green v. Covillaud, 10 Cal. 317, 70 Am. Dec. 725, a delay of twenty-two months was held to be a defense to an action for specific performance: See, also, O'Donnell v. Jackson, 69 Cal. 622, 11 Pac. 251; Burnett v. Kullak, 76 Cal. 535, 18 Pac. 401, and Requa v. Snow, 76 Cal. 591, 18 Pac. 862. I think the findings of fact support the judgment, and, under the stipula-

tion, that the judgment in each of the above-entitled causes, numbered, respectively, in the court below, 3180, 3593 and 3653, should be affirmed.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, it is ordered that the judgment in each of the above-entitled causes, numbered, respectively, in the court below, 3180, 3593 and 3653, be affirmed.