[Civ. No. 11985.   First Dist., Div. Two.   Oct. 19, 1942.]

WILLIAM RANSOM HONSBERGER et al., Appellants, v. J. ROSS DURFEE, Respondent.

J. Vincent Hannon and T. G. Dalton for Appellants.

Franklin B. MacCarthy for Respondent.

STURTEVANT, J.—The plaintiffs commenced this action to obtain a decree enjoining the maintenance of a nuisance and for other relief. The defendant answered by setting up certain denials and alleging many facts of affirmative matter. The trial court made findings awarding to the plaintiffs certain relief and denying relief as to other matters. From parts of the judgment entered therein the plaintiffs have appealed and have brought up the judgment roll only.

The controversy involves the maintenance of two sets of drainage conduits. The defendant owns Lots 1 and 2 and the plaintiffs own Lot 3 of Block H of the subdivision of Rancho Potrero de Felipe Lugo in Los Angeles County. The two properties are adjacent and are located on the southerly side of Slack Avenue. Both properties are bothered with accumulated surface waters. In 1903 J. D. Durfee, the owner at that time of Lots 1 and 2, and Elizabeth Mulholland, the then owner of Lot 3, entered into an agreement that the former should lay a drainage pipe. He did so. Commencing at Slack Avenue he laid a pipe line 16 inches in diameter extending at right angles upon and along the boundary line between said properties south 10 chains and thence at right angles 20 chains or thereabouts. The head of the line was a catch basin or box located at the surface of the ground. The outlet of the line was exposed at the surface of the ground on the lands of Elizabeth Mulholland. That pipe line has been in use ever since. In 1913 the plaintiffs bought two parcels from Elizabeth Mulholland, each parcel is described in the amended complaint by courses and distances. In the amended complaint there was inserted a map. This court is unable from such data to ascertain what part of the map portrays parcel 1 and what part parcel 2 of plain tiffs' lands. In 1917 the plaintiffs commenced a proceeding, LR-174, to register their lands under the Land Title Law (Stats. 1915, p. 1932; Deering's Gen. Laws, 1937, Act 8589).

There were issued to them two certificates numbered respectively A-3872 and A-3873. The latter covered the land where the first course (hereinabove described) of the said pipe line was located. Said certificate contains an exception: "Subject right of way for storm waters." The other certificate contains no such exception. But the record does not show that the pipe line or any part thereof was laid in, or extended into, any part of the lands described in certificate A-3872.

In 1920 J. D. Durfee died and this defendant inherited from him Lots 1 and 2. In March, 1939, the defendant made certain alterations and repairs to said pipe line. He also constructed two sluices laying parallel with Slack Avenue and a short distance west of it. He connected those sluices with said pipe. By its decree the trial court enjoined the maintenance of said sluices. From said portion defendant appealed, but he has dismissed his appeal and said portion of the decree need not be further discussed. █ But the trial court refused to enjoin defendant from making proper repairs to said pipe line. Of that refusal the plaintiffs complain. They contend the findings do not support the judgment.

Before discussing each finding so attacked it is important to note that the first two findings were as follows:

## "I

"That all of the allegations of the complaint herein filed as amended by the amendments herein filed are true except as hereinafter otherwise expressly found.

## "II

"That all of the allegations of the defendant's answer herein are true except as hereinafter otherwise expressly found." In view of those findings it follows that every affirmative allegation set up by the defendant which is not expressly found against him is, in effect, found in his favor.

The first finding which the plaintiffs attack is:

## "VIII

"That it is not true that by the terms of the deed by which the plaintiff, William Honsberger, acquired title to said premises, the said title was conveyed subject to any easement or right of way in writing of record across the same, or any part thereof, in favor of said defendant, or his predecessor in interest, or otherwise or at all. It is not true that in the decree of registration of said lands insofar

as the first described piece or parcel of land is concerned, and it is not true that in the registrar's certificate issued in pursuance of said decree, the first described piece or parcel of land was made subject to any easement or right of way for storm waters or for any other purpose. It is true that by the terms of said decree and by certificate of the registrar of land titles issued thereon, the second described parcel of land does contain the words: 'Subject, right of way for storm waters.' The court finds that the defendant entered upon the said plaintiff's lands and did certain work thereon over the protest of the said plaintiff and in disregard to the rights of the said plaintiffs, but the same were not done with malicious intent to injure plaintiff but under belief that the defendant had the right to so construct underground flumes and connect the same with the said pipe line, in which said belief defendant was mistaken.'' As to what was the wording of the deed to William Honsberger we are not concerned. As the plaintiff contends his rights are governed by the recitals in his certificate. (*Cooper* v. *Buxton*, 186 Cal. 330, 332 [199 P. 6].) However, as shown above, certificate A-3873, only, is involved. That certificate contained an exception of a "right of way for storm waters." The trial court, in effect, held such right of way was the identical way for which the defendant contended. It follows that the defendant clearly had an easement.

At all times looking upon the case as presenting solely the rights of a single owner regarding his right to discharge excess flood waters or surface waters, the plaintiffs make said attacks on said findings. But this is not such a case. Prior to 1903 both the owner of Lot 1 and Lot 2, and the owner of Lot 3, were confronted with a problem of disposing of surface waters. Some of such waters accumulated on Lots 1 and 2, some accumulated on Lot 3. It was so alleged by the defendant. The very location of the pipe line shows, and defendant alleged, that drainage was attempted to be accomplished for both properties. The pipe line began on the boundary line of the two properties. It ran 10 chains thereon. Obviously it drained from the right and from the left. In its continuing course it was laid on the lands of Elizabeth Mulholland. In that course it intercepted waters which would have flowed off the Mulholland lands onto the lands of the defendant. As to that matter the record does not speak. The evidence is not before us, and this court is wholly unable to say that any finding is not supported by

the evidence or that the findings do not support the judgment.

Reading together the express findings of the trial court (and the allegations of the defendant which the trial court adopted), no inconsistency whatever appears and neither does it appear that the trial court failed to give full force and effect to the decree rendered in the preceding hearing number LR-174, *supra.*

■ The plaintiffs further contend that, "Said court further found that no claim of ownership or interest of any kind or nature in or to the said pipe line on the said lands of plaintiffs was made by said defendant or his predecessor in interest in said proceedings, and that no claim was thereafter made by the said defendant or his predecessor in interest in or to the said pipe line or in or for the use thereof, or of any easement, or right of way, or for the maintenance thereof, over, under or across plaintiffs' lands until during or about the month of March, 1939." Conceding the contention as made, it leads nowhere. The allegations of the pleadings adopted by the learned chancellor, and his express findings made in addition thereto, show that the said pipe line was, from the time it was constructed in 1903, down to 1939, used amicably and by claim of right by both parties in the manner and for the purposes for which it was installed. That was sufficient. (*Humphreys* v. *Blasingame,* 104 Cal. 40, 42-43 [37 P. 804].) The contentions above recited are not controlling.

Throughout their brief the plaintiffs contend the facts show that the defendant had no easement, that the trial court so found, and therefore the judgment is not sustained by the findings. All of these contentions are based on a failure to comprehend the meaning of the findings when they are fairly construed. The defendant pleaded the facts. The court, with immaterial exceptions, found those facts to be true. Those facts were that the lands now owned by the plaintiffs and the lands now owned by the defendant were bothered by the accumulation of surface waters. Some of those waters flowed from defendant's side. Some flowed from plaintiffs' side. To dispose of all of such waters, Elizabeth Mulholland and J. D. Durfee entered into a bilateral agreement. Elizabeth Mulholland furnished the ground in which to lay a part of the pipe line. Both furnished the ground to lay another part of the line. J. D. Durfee furnished the labor and materials to lay the whole line. ■ The

entire agreement was fully executed in 1903. From then to 1939 the pipe line was used by both parties and their successors in interest. By the terms of the agreement each party obtained certain rights adverse to the other and each acquired an interest in the use of said line. After the pipe was installed in 1903 each party was estopped, in any litigation arising out of the use of said line according to the terms of said agreement, from claiming that said agreement was invalid because it was not reduced to writing (*Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154], 12 Cal.Jur. 933) and the trial court so held.

The rights of the parties so stood when in 1918 the above mentioned certificate, No. A-3873, was issued in the said proceeding hereinabove mentioned, Number LR-174. In that decree it was held that plaintiffs' said lands were subject to a right of way for flood waters. Nothing to the contrary appearing in this record, we must assume in support of the judgment that there was evidence to the effect that said right of way so enumerated was the identical right of way involved in this action. It follows that the decree under attack did not ignore the legal effect of the decree rendered in the proceeding numbered LR-174 but on the contrary expressly recognized and followed it.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied November 18, 1942, and appellants' petition for a hearing by the Supreme Court was denied December 17, 1942.