35 Cal.2d 621 (1950)
CARMEN MONARCO, Appellant,
v.
CHRISTIE Lo GRECO et al., as Executors, etc., Respondents.
L. A. Nos. 21024, 21025.
Supreme Court of California. 
Aug. 1, 1950.
 Allen M. Williams for Appellant.
 Oliver O. Clark and Jack R. Mills for Respondents.
 TRAYNOR, J.
 Natale and Carmela Castiglia were married in 1919 in Colorado. Carmela had three children, John, Rosie and Christie, by a previous marriage. Rosie was married to Nick Norcia. Natale had one grandchild, plaintiff Carmen Monarco, the son of a deceased daughter by a previous marriage. Natale and Carmela moved to California where they invested their assets, amounting to approximately $4,000, in a half interest in agricultural property. Rosie and Nick Norcia acquired the other half interest. Christie, then in his early teens, moved with the family to California. Plaintiff remained in Colorado. In 1926, Christie, then 18 years old, decided to leave the home of his mother and stepfather and seek an independent living. Natale and Carmela, however, wanted him to stay with them and participate in the family venture. They made an oral proposal to Christie that if he stayed home and worked they would keep their property in joint tenancy so that it would pass to the survivor who would leave it to Christie by will except for small devises to John and Rosie. In performance of this agreement Christie remained home and worked diligently in the family venture. He gave up any opportunity for further education or any chance to accumulate property of his own. He received only his room and board and spending money. When he married and suggested the possibility of securing some present interest to support his wife, Natale told him that his wife should move in with the family and that Christie need not worry, for he would receive all the property when Natale and Carmela died. Natale and Carmela placed all of their property in joint tenancy and in 1941 both executed wills leaving all their property to Christie with the exception of small devises to Rosie and John and $500 to plaintiff. Although these wills did not refer to the agreement, their terms were agreed upon by Christie, Natale and Carmela. The venture was successful, so that at the time of Natale's death his and Carmela's interest was worth approximately $100,000. Shortly before his death *623 Natale became dissatisfied with the agreement and determined to leave his half of the joint property to his grandson, the plaintiff. Without informing Christie or Carmela he arranged the necessary conveyances to terminate the joint tenancies and executed a will leaving all of his property to plaintiff. This will was probated and the court entered its decree distributing the property to plaintiff. After the decree of distribution became final, plaintiff brought these actions [fn. *] for partition of the properties and an accounting. By cross-complaint Carmela asked that plaintiff be declared a constructive trustee of the property he received as a result of Natale's breach of his agreement to keep the property in joint tenancy. On the basis of the foregoing facts the trial court gave judgment for defendants and cross-complainant, and plaintiff has appealed.
 The controlling question is whether plaintiff is estopped from relying upon the statute of frauds (Civ. Code 1624; Code Civ. Proc. 1973) to defeat the enforcement of the oral contract. The doctrine of estoppel to assert the statute of frauds has been consistently applied by the courts of this state to prevent fraud that would result from refusal to enforce oral contracts in certain circumstances. Such fraud may inhere in the unconscionable injury that would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance on the contract (Wilk v. Vencill, 30 Cal.2d 104, 108 [180 P.2d 351]; Vierra v. Pereira, 12 Cal.2d 629, 630-632 [86 P.2d 816]; Wilson v. Bailey, 8 Cal.2d 416, 422 [65 P.2d 770]; Seymour v. Oelrichs, 156 Cal. 782, 796 [106 P. 88, 134 Am.St.Rep. 154]; Kaye v. Melzer, 87 Cal.App.2d 299, 306 [197 P.2d 50]; Frey v. Corbin, 84 Cal.App.2d 536, 540-541 [191 P.2d 21]; Le Blond v. Wolfe, 83 Cal.App.2d 282, 286 [188 P.2d 278]; Beverly Hills Nat. Bank & Tr. Co. v. Seres, 76 Cal.App.2d 255, 262 [172 P.2d 894]; Sessions v. Southern Cal. Edison Co., 47 Cal.App.2d 611, 619-620 [118 P.2d 935]; Rutland, Edwards & Co. v. Cooke, 44 Cal.App.2d 258, 263 [112 P.2d 287]; Tuck v. Gudnason, 11 Cal.App.2d 626, 631 [54 P.2d 88]; Holstrom v. Mullen, 84 Cal.App. 1, 4-5 [257 P. 545]; Rockhill v. Parker, 22 Cal.App. 367, 372 [134 P. 720]), or in the unjust enrichment that would result if a party who has received the *624 benefits of the other's performance were allowed to rely upon the statute. (Foster v. Maginnis, 89 Cal. 264, 267 [26 P. 828]; Feeney v. Clapp, 126 Cal.App. 729, 733-734 [15 P.2d 178]; Brenneman v. Lane, 87 Cal.App. 414, 417-418 [262 P. 400]; Heffernan v. Davis, 24 Cal.App. 295, 301 [140 P. 716]; see also, Aho v. Kusnert, 12 Cal.2d 687, 690 [87 P.2d 358].) In many cases both elements are present. Thus not only may one party have so seriously changed his position in reliance upon, or in performance of, the contract that he would suffer an unconscionable injury if it were not enforced, but the other may have reaped the benefits of the contract so that he would be unjustly enriched if he could escape its obligations. (Notten v. Mensing, 3 Cal.2d 469, 476-477 [45 P.2d 198]; Tonini v. Ericcsen, 218 Cal. 43, 51-52 [21 P.2d 566]; Sandfoss v. Jones, 35 Cal. 481, 488-489; Ryan v. Welte, 87 Cal.App.2d 897, 903 [198 P.2d 357]; Tobola v. Wholey, 75 Cal.App.2d 351, 357 [170 P.2d 952]; Van Fossen v. Yager, 65 Cal.App.2d 591, 597 [151 P.2d 14]; Honsberger v. Durfee, 55 Cal.App. 2d 68, 72-73 [130 P.2d 189]; Pellerito v. Dragna, 41 Cal.App.2d 85, 89-90 [105 P.2d 1011]; Grant v. Long, 33 Cal.App.2d 725, 739, 742 [92 P.2d 940]; Rundell v. McDonald, 62 Cal.App. 721, 724-725 [217 P. 1082]; Flint v. Giguiere, 50 Cal.App. 314, 320 [195 P. 85].)
 In this case both elements are present. In reliance on Natale's repeated assurances that he would receive the property when Natale and Carmela died, Christie gave up any opportunity to accumulate property of his own and devoted his life to making the family venture a success. That he would be seriously prejudiced by a refusal to enforce the contract is made clear by a comparison of his position with that of Rosie and Nick Norcia. Because the Norcias were able to make a small investment when the family venture was started, their interest, now worth approximately $100,000, has been protected. Christie, on the other hand, forbore from demanding any present interest in the venture in exchange for his labors on the assurance that Natale's and Carmela's interest would pass to him on their death. Had he invested money instead of labor in the venture on the same oral understanding, a resulting trust would have arisen in his favor. (Byers v. Doheny, 105 Cal.App. 484, 493-495 [287 P. 988]; see, Restatement, Trusts, 454, comment J., illus. 12.) His 20 years of labor should have equal effect. On the other hand, Natale reaped the benefits of the contract. He and his devisees would be unjustly enriched if the statute of frauds could be *625 invoked to relieve him from performance of his own obligations thereunder.
 [1] It is contended, however, that an estoppel to plead the statute of frauds can only arise when there have been representations with respect to the requirements of the statute indicating that a writing is not necessary or will be executed or that the statute will not be relied upon as a defense. This element was present in the leading case of Seymour v. Oelrichs, 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154], and it is not surprising therefore that it has been listed as a requirement of an estoppel in later cases that have held on their facts that there was or was not an estoppel. (See, e.g., Zellner v. Wassman, 184 Cal. 80, 87 [193 P. 84]; Smith v. Bliss, 44 Cal.App.2d 171, 175 [112 P.2d 30]; Standing v. Morosco, 43 Cal.App. 244, 246 [184 P. 954].) Those cases, however, that have refused to find an estoppel have been cases where the court found either that no unconscionable injury would result from refusing to enforce the oral contract (Zellner v. Wassman, 184 Cal. 80, 87 [193 P. 84]; Smith v. Bliss, 44 Cal.App.2d 171, 178 [112 P.2d 30]; Little v. Union Oil Co., 73 Cal.App. 612, 621-622 [238 P. 1066]; Standing v. Morosco, 43 Cal.App. 244, 247, 248 [184 P. 954]), or that the remedy of quantum meruit for services rendered was adequate. (Murdock v. Swanson, 85 Cal.App.2d 380, 385 [193 P.2d 81]; De Mattos v. McGovern, 25 Cal.App.2d 429, 432 [77 P.2d 522]; cf., Morrison v. Land, 169 Cal. 580, 586 [147 P. 259].) In those cases, however, where either an unconscionable injury or unjust enrichment would result from refusal to enforce the contract, the doctrine of estoppel has been applied whether or not plaintiff relied upon representations going to the requirements of the statute itself. (Wilson v. Bailey, 8 Cal.2d 416 [65 P.2d 770]; Notten v. Mensing, 3 Cal.2d 469 [45 P.2d 198]; Sandfoss v. Jones, 35 Cal. 481; Ryan v. Welte, 87 Cal.App.2d 897 [198 P.2d 357]; Frey v. Corbin, 84 Cal.App.2d 536 [191 P.2d 21]; Le Blond v. Wolfe, 83 Cal.App.2d 282 [188 P.2d 278]; Tobola v. Wholey, 75 Cal.App.2d 351 [170 P.2d 952]; Van Fossen v. Yager, 65 Cal.App.2d 591 [151 P.2d 14]; Honsberger v. Durfee, 55 Cal.App.2d 68 [130 P.2d 189]; Sessions v. Southern Cal. Edison Co., 47 Cal.App.2d 611 [118 P.2d 935]; Rutland, Edwards & Co. v. Cooke, 44 Cal.App.2d 258 [112 P.2d 287]; Pellerito v. Dragna, 41 Cal.App.2d 85 [105 P.2d 1011]; Tuck v. Gudnason, 11 Cal.App.2d 626 [54 P.2d 88]; Feeney v. Clapp, 126 Cal.App. 729 [15 P.2d 178]; Holstrom v. Mullen, 84 Cal.App. 1 *626 [257 P. 545]; Price v. Smith Mfg. Co., 53 Cal.App. 303 [200 P. 53]; Flint v. Giguiere, 50 Cal.App. 314 [195 P. 85].) Likewise in the case of partly performed oral contracts for the sale of land specific enforcement will be decreed whether or not there have been representations going to the requirements of the statute, because its denial would result in a fraud on the plaintiff who has gone into possession or made improvements in reliance on the contract. (Pearsall v. Henry, 153 Cal. 314, 318 [95 P. 154, 159]; Foster v. Maginnis, 89 Cal. 264, 267 [26 P. 828]; Rundell v. McDonald, 62 Cal.App. 721, 724 [217 P. 1082]; Stewart v. Smith, 6 Cal.App. 152, 160 [91 P. 667]; see, 3 Pomeroy, Equity Jurisprudence [5th ed.] 921, p. 618; 4 Pomeroy, Equity Jurisprudence [5th ed.] 1409, p. 1056; anno., 75 A.L.R. 650; anno., 101 A.L.R. 923, 935; anno., 117 A.L.R. 939.) In reality it is not the representation that the contract will be put in writing or that the statute will not be invoked, but the promise that the contract will be performed that a party relies upon when he changes his position because of it. Moreover, a party who has accepted the benefits of an oral contract will be unjustly enriched if the contract is not enforced whether his representations related to the requirements of the statute or were limited to affirmations that the contract would be performed.
 [2] It is settled that neither the remedy of an action at law for damages for breach of contract nor the quasi-contractual remedy for the value of services rendered is adequate for the breach of a contract to leave property by will in exchange for services of a peculiar nature involving the assumption or continuation of a close family relationship. (Jones v. Clark, 19 Cal. 2d 156, 160 [119 P.2d 731]; Wolfsen v. Smyer, 178 Cal. 775, 782-783 [175 P. 10]; Baumann v. Kusian, 164 Cal. 582, 587-588 [129 P. 986, 44 L.R.A.N.S. 756]; McCabe v. Healy, 138 Cal. 81, 88-89 [70 P. 1008]; Owens v. McNally, 113 Cal. 444, 450, 452 [45 P. 710, 33 L.R.A. 369].) The facts of this case clearly bring it within the foregoing rule.
 [3] It is contended, however, that since Christie is not a party to this action, his change of position in reliance on Natale's promises will not support Carmela's efforts to secure the benefits of the contract due to her. In this respect, plaintiff contends that defendants did not plead a contract for Christie's benefit but only one whereby Carmela was entitled to ownership as the surviving joint tenant. When the action was commenced, however, Carmela was the person entitled *627 to the property under the terms of the contract. It was therefore appropriate that she should be the one to seek its enforcement. To the extent that Natale's promise to keep the property in joint tenancy with Carmela was supported by the consideration of Christie's services, Carmela was a third party beneficiary of the agreement between Christie and Natale. She was entitled to rely upon the elements of estoppel provided by Christie's change of position in reliance on the contract and Natale's acceptance of the benefits. "[I]t is the change of position of the contracting parties, and not the beneficiaries of the contract, that forms the estoppel to rely upon the statute of frauds." (Ryan v. Welte, 87 Cal.App.2d 897, 903 [198 P.2d 357].) In this respect the present case is governed by Notten v. Mensing, 3 Cal.2d 469 [45 P.2d 198]. In the Notten case a childless couple made an oral agreement that each would leave all his property to the other on the condition that the survivor would leave it equally to the heirs of both. The husband died first leaving a will in accordance with the agreement. The wife accepted the benefits thereby accruing to her. In breach of her agreement, however, she left all her property to her own heirs. In an action by the husband's heirs to impress a constructive trust on the amount due them under the agreement it was held that the wife's heirs were estopped to plead the statute of frauds. The basis of the estoppel was not anything done by the husband's heirs, but the husband's change in position in dying without providing for his own heirs, a change in position made irrevocable by the wife's acceptance of the benefits of the agreement. Likewise, Christie in reliance on the contract contributed his services for over 20 years to make the family venture a success, and Natale accepted the benefits thereof. Plaintiff is thus estopped because of these facts just as were the wife's heirs in the Notten case.
 The judgments are affirmed.
 Gibson, C.J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence J., concurred.
NOTES
[fn. *] *. One action involves the property in which Nick and Rosie Norcia hold a half interest. The other involves property that had been owned by Natale and Carmela only. Since the trial Carmela has died and her executors have been substituted as parties in her stead.