[Civ. No. 24742. Second Dist., Div. Three. May 16, 1961.]

MARCELINO CONTRERAS, Appellant, v. DELIA S. LOYA, as Administratrix, etc., et al., Respondents.

Michael Motta and Alexander L. Oster for Appellant.

Hertzberg, Hoffman & Geretz and Victor O. Geretz for Respondents.

NOURSE, J. pro tem.*—Appellant is the plaintiff in an action brought by him for specific performance of an alleged oral contract for the conveyance to him of an interest in certain real property. He appeals from a judgment of dismissal entered after the defendants' general demurrer to his complaint was sustained without leave to amend.[1]

The allegations of the complaint are substantially as follows: Prior to December 1946, plaintiff and one Mary Suarez Contreras (hereinafter called "Mary") were husband and wife; that in December 1946, Mary obtained a final decree of divorce from plaintiff; that during the divorce proceedings plaintiff conveyed to Mary certain real property as her sole and separate property; that in 1954, plaintiff and Mary resumed marital relations and cohabited together as husband and wife until Mary's death on March 21, 1959; that in January of 1958, plaintiff and Mary entered into an oral agreement whereby they agreed that they would remarry on or about June 12, 1959; that plaintiff should pay to Mary a definite sum of money and would "support and render consortium and protection" to Mary during their lifetime and

---

*Assigned by Chairman of Judicial Council.

[1] Appellant concedes the trial court offered him the opportunity to amend but that he declined that opportunity and here states that he could not further amend his complaint.

that in consideration of his so doing Mary would "on their remarriage on or about June 12, 1959 . . ." "reconvey and transfer said real property to plaintiff and herself in joint tenancy with right of survivorship."

The plaintiff did pay said sum of money to Mary and did perform all of the conditions required of him in said agreement and did, relying on the agreement, cohabit with Mary as her husband "with the understanding and agreement that the said parties would be remarried" on or about June 12, 1959.

We find no merit in the appeal. ▇▇▇ The contract was one to convey an interest in real property and as such invalid unless in writing. (Civ. Code, § 1624; Code Civ. Proc., § 1973.) ▇▇▇ Plaintiff asserts that the defendants who are the heirs of Mary, are estopped to assert the statute of frauds, relying upon the established rule that in cases where the invocation of the statute would itself operate to perpetuate a fraud a party is estopped from invoking it. (*Seymour* v. *Oelrichs*, 156 Cal. 782 at 794 et seq. [106 P. 88, 134 Am.St.Rep. 154].) This rule applies only where the party seeking to enforce the oral contract has so altered his position, in reliance on the contract, as to incur unjust and unconscionable injury which cannot be compensated for in damages. (*Seymour* v. *Oelrichs*, *supra*, p. 795; *Walker* v. *Calloway*, 99 Cal.App.2d 675 at 678 [222 P.2d 455]; *Monarco* v. *Lo Greco*, 35 Cal.2d 621 [220 P.2d 737].) The facts alleged in the complaint here fall far short of showing any estoppel on the part of the defendants to assert the statute.

▇▇▇ The cash payment made to the defendant as a part of the consideration for the agreement is not such a performance of the contract as to take the contract out of the statute of frauds or to create any estoppel, for it is compensable in damages. (*Anderson* v. *Stansbury*, 38 Cal.2d 707, 716 [242 P.2d 305].) ▇▇▇ The agreement to render consortium[2] and the performance of that agreement was not a valid consideration for the contract. Such an agreement in so far as it relates to the period prior to the time the parties agreed to remarry is one against good morals, unlawful and void. (Civ. Code, § 1667, subd. 3; *Heaps* v. *Toy*, 54 Cal.App.2d 178 at 182 [128 P.2d 813].)

---

[2]The plaintiff has himself furnished us his definition of consortium by his allegations that he performed the agreement by cohabiting with Mary as husband and wife.

The complaint does not allege any change in position by appellant. It alleges only that he continued after the agreement the illicit relationship which existed at the time of the agreement.

 It may be noted that even were the contract in writing, a part of the consideration being the maintenance of an illicit relationship, the contract would be unenforceable by plaintiff. (*Valentine* v. *Stewart,* 15 Cal. 387 at 404; Corbin on Contracts, vol. 6, p. 1019, § 1525.)

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.