[Civ. No. 23744.   First Dist., Div. Three.   Feb. 1, 1968.]

ROYDEN C. TOMLINS, Plaintiff and Respondent, v. AMERICAN INSURANCE CO., Defendant and Appellant.

Pillsbury, Madison & Sutro, Thomas E. Haven, Charles M. Richardson, Jr., and Donald S. Zinn for Defendant and Appellant.

Vincent Hallinan, Carl B. Shapiro, Patrick Sarsfield Hallinan and Leroy W. Rice for Plaintiff and Respondent.

DRAPER, P. J.—Plaintiff had judgment on jury verdict in this action for breach of an employment contract. Defendant appeals.

Plaintiff had been employed for some four years by Crum & Forster Group, Inc. In September 1962, one Maas, defendant's vice-president in San Francisco, asked whether plaintiff was interested in working for defendant. After negotiations with Maas, plaintiff went to defendant's home office in New Jersey, at defendant's expense, for interview with officers there. When he left he was told that decision would be reached at the home office and transmitted to him through Maas in San Francisco. A few days later, plaintiff and Maas met. It was agreed that plaintiff would go to work for defendant at an agreed salary. The evidence of plaintiff and Maas is in complete conflict on the question of whether there was an agreement on a term of employment. Under the established rule, we look to the testimony favoring the claim of plaintiff-respondent. Plaintiff testified that Maas said "there's no way of getting a contract," but that "a letter of intent" would be secured. Plaintiff testified "I was assured that I could expect to be there for three years and this would be confirmed in writing." Plaintiff left his employment with Crum and went to work for defendant. He was discharged a week later.

Jury verdict was against defendant, but in favor of Crum & Forster, against whom recovery had been sought for inducing breach of contract. Plaintiff does not appeal from the judgment on that verdict. Defendant moved for directed verdict and for new trial. Both motions were denied, and this appeal followed.

■ Defendant contends that, as a matter of law, Maas was without authority to agree, for his principal, to a three-year term of employment. As to actual authority, the contention is sound, since there is no evidence of conduct of defendant causing Maas to believe that he had such power. But defendant is bound if Maas had ostensible authority. ■ Such authority is established by proof of conduct of defendant which reasonably led plaintiff to believe that Maas was empowered to act (*Tomerlin* v. *Canadian Indemnity Co.*, 61 Cal.2d 638, 643 [39 Cal.Rptr. 731, 394 P.2d 571]). The issue is one of fact (*id.*), and we ignore conflicts and determine only whether the evidence and inferences favorable to plaintiff provide a basis of substance for the jury's implied finding. ■ Maas initiated the employment discussions with plaintiff, and there is room to infer that he did so at the instance of defendant's home office. Defendant then paid plaintiff's way to New Jersey for interview as to possible employment. Detailed terms were not discussed there. Rather, plaintiff was instructed to return to San Francisco and await word from defendant through Maas. This evidence would support a finding that defendant's conduct was such as to cause plaintiff reasonably to believe that Maas had authority to agree upon duration of the employment.

The agreement claimed by plaintiff, however, obviously is one not to be performed within one year. Since there is no assertion of any written memorandum, the contract is within the statute of frauds (Civ. Code, § 1624, subd. 1). This issue was urged by defendant in its answer, in repeated objections to evidence, and in motions for directed verdict and judgment notwithstanding the verdict. Plaintiff sought to avoid the defense of the statute by proving estoppel to assert it.

■ Estoppel to assert the statute of frauds has long been recognized in California, and was delineated in detail as early as 1909 (*Seymour* v. *Oelrichs*, 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]). *Seymour* stressed the "unjust and unconscientious injury" to the party against whom the statute was asserted (pp. 794-795), but also referred to a promise to reduce the oral agreement to writing. In a comprehensive review of the doctrine in 1950 (*Monarco* v. *Lo Greco*, 35 Cal.2d 621 [220 P.2d 737] the Supreme Court pointed out that cases later than *Seymour* had listed representation that a writing will be executed "as a requirement of estoppel" (35 Cal.2d at p. 625). The court pointed out, however, that in each of these cases there was either unconscionable injury to the party

against whom the statute was asserted, or unjust enrichment to the party relying upon the statute of frauds. It concluded that where one of those elements exists, "the doctrine of estoppel has been applied whether or not plaintiff relied upon representations going to the requirements of the statute itself" (*id.*). In holding unjust enrichment to be sufficient without a promise to reduce the agreement to writing, *Monarco* necessarily implies that such a promise, alone and without either unconscionable injury or unjust enrichment, will not suffice to establish an estoppel. The key element is the unjust enrichment. With it, the promise to reduce to writing may nonetheless be a relevant factor. But without unjust enrichment, the mere promise to reduce to writing will not establish estoppel.

But here the jury was instructed that the statute "does not apply where there have been representations that a writing will be executed in the future or where an unconscionable injury would result from the refusal to enforce the contract." The use of the disjunctive "or" permitted the jury to find an estoppel on a mere promise to reduce the agreement to writing, without any element of unconscionable injury to plaintiff. The instruction was erroneous.

We deem the error prejudicial. Plaintiff had directly testified that Maas had told him that the three-year term "would be confirmed in writing." Since Maas denied any agreement at all, his testimony did not specifically deny the representation as to writing. Thus the jury, if it found an oral employment agreement, could well have found that it was to be reduced to writing.

The erroneous instruction required a verdict for plaintiff upon that finding. Unconscionable injury, however, was essential. The evidence of such injury is extremely thin. Necessarily, that element turned upon the probable permanence or duration of plaintiff's employment by Crum & Forster (*Ruinello* v. *Murray*, 36 Cal.2d 687 [227 P.2d 251]). Plaintiff offered no direct evidence upon this issue. His somewhat vague testimony as to expectation of surety men generally was enough to provide a basis for possible inference of permanency, even though he had no term contract with the Crum firm. Defendant, on the other hand, offered direct evidence of Crum's dissatisfaction with plaintiff, bolstered by plaintiff's joinder in this action of a claim against Crum for inducing his discharge by defendant. Thus we are unable to say that the jury, if required to find unconscionable injury, would

have resolved the issue in favor of plaintiff. There was a proper instruction on the need for unconscionable injury, but it was followed by the erroneous disjunctive instruction, and this greatly weakened, if not negated, it.

Defendant's requested instruction based upon Labor Code, section 3005, subdivision (b), was erroneous in form. It failed to include the element of discovery of the pre-existing conduct by defendant. If requested on retrial, the instruction should also contain some definition of "misconduct," with an eye to reconciling other provisions of the Labor Code (e.g., § 2924), defining the right to discharge one employed for a fixed term.

Judgment reversed.

Salsman, J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal, sitting under assignment by the Chairman of the Judicial Council.