[Civ. No. 15920. Second Dist., Div. Three. Jan. 16, 1948.]

FRED LE BLOND, JR., Respondent, v. JEAN WOLFE et al., Defendants; ALEXANDER BISNO, Appellant.

Benjamin & Lieberman for Appellant.

Richard J. O. Culver and Felix H. McGinnis for Respondent.

VALLÉE, J. pro tem.—Appeal by defendant Bisno from a judgment for plaintiff in an action for a real estate broker's commission.

Plaintiff, a licensed real estate broker, was employed by owners of real property, situate in Eureka, California, to effect a sale of the property. The price asked included a commission of $5,000 to plaintiff. Plaintiff interested Bisno in purchasing the property. After some negotiation

Bisno orally informed plaintiff that he would buy the property if he could do so at the asking price less plaintiff's $5,000 commission. Bisno orally asked plaintiff to release the owners of·the property from their obligation to pay him a commission and to obtain from them a net price exclusive of any commission to plaintiff and that if plaintiff did so he (Bisno) would pay plaintiff $2,500 for his services. Pursuant to Bisno's request and in reliance upon his oral promise to pay him $2,500, plaintiff released the owners from any obligation to pay him a commission and obtained a net offer to sell to Bisno for the previous asking price exclusive of any commission to plaintiff. Bisno orally agreed to buy at the net price upon the terms and conditions fixed by the sellers. Bisno was an active operator in large properties maintaining an office in Chicago and one in Los Angeles. He had operated in Los Angeles for only a relatively short period before the transaction involved here. Bisno, in his real estate operations, followed the apparently invariable custom of never signing a contract or escrow instructions personally. He acted through a ''dummy.'' He did so in order that he could hold the other party to the contract or escrow instructions bound thereby and at the same time ''back out of the deal . . . without obligation'' himself. Plaintiff knew of Bisno's practice in this respect. He and Bisno had consummated two or more transactions in which Bisno acted through a ''dummy.''

Upon Bisno's oral agreement to buy, he orally informed plaintiff that one Jean Wolfe, Bisno's stenographer, was his authorized and acting agent with authority to bind him in connection with the purchase of the property. An escrow was opened on July 27, 1944. The sellers signed escrow instructions. Wolfe, at the direction of Bisno, signed the buyer's instructions. On the same day, in the presence of Bisno and at his direction, Wolfe signed the following instrument: ''Additional or Supplemental Escrow Instructions to Beverly Hills National Bank and Trust Company Escrow No. 12977-P. It is the understanding and agreement of the undersigned that the printed conditions on the reverse side hereof shall be and are hereby made a part of these instructions. July 27, 1944. The undersigned Buyer will hand you the additional sum of $2,500.00 which you will pay to Early Investment Company for services rendered. License No. 17031. Address 3841 Wilshire Blvd.; Los Angeles, 5,

California., *if and when deal is closed.* Jean Wolfe.'' (Italics added.) The words, ''if and when deal is closed,'' were written by Wolfe in her handwriting in the presence of Bisno and at his direction. Among the printed conditions on the reverse side of the instrument is an agreement by the escrow holder to deliver money received by it in accordance with the written instructions given to it in the escrow. Plaintiff did not agree to the terms of this instrument. The insertion was made and the instrument signed without his knowledge or consent. The instrument was delivered to the escrow holder. Plaintiff is the owner of all rights of Early Investment Company in the money payable under the instrument.

Wolfe did not have written authority of any sort to act for or bind Bisno. Thereafter, and before the date fixed for closing of the escrow, the sellers performed all of the obligations of the escrow on their part to be performed. Wolfe did not perform any of the obligations of the buyer in the escrow. Bisno failed and refused, without any justification whatever, except his claim that he was not legally bound, to perform the buyer's obligations in the escrow.

Plaintiff sued Bisno and Wolfe alleging an obligation on the part of each of them to pay him $2,500. Bisno and Wolfe, by the attorneys now representing Bisno, filed separate answers, each seeking exoneration from liability. The attorneys claimed on behalf of Wolfe that she was not liable because she acted only as agent for Bisno, and claimed on behalf of Bisno that although he had orally authorized Wolfe to act and that she did act pursuant to his directions, he was not liable because he did not authorize Wolfe to act in writing. In his answer Bisno pleaded no liability because the ''deal'' was not closed, and that the agreement to pay plaintiff $2,500 was unenforceable under the statute of frauds.

The court found the facts as we have stated them, found that the ''deal'' was not closed because of Bisno's refusal to perform the obligations of the escrow, and concluded that the defense of the statute of frauds was not available to Bisno. Judgment was for Wolfe and for plaintiff against Bisno. Bisno appealed.

Appellant contends, first, that plaintiff's claim is unenforceable under the statute of frauds, and second, that if it is enforceable, the escrow instructions provided that plaintiff was to be paid ''if and when deal is closed''; that

the "deal" was not closed, therefore nothing is owing to plaintiff.

An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission is invalid unless the same, or some note or memorandum thereof is in writing and subscribed by the party to be charged or by his agent. (Civ. Code, § 1624, subd. 5; Code Civ. Proc., § 1973, subd. 5.) An authority to enter into a contract required by law to be in writing can only be given by an instrument in writing. (Civ. Code, § 2309.) The statute of frauds was enacted to prevent fraud. The courts will not permit it to become the instrument of fraud. The statute is to be used as a shield, not as a sword. (*Wilson* v. *Bailey*, 8 Cal.2d 416, 422 [65 P.2d 770].) It is well settled that the facts of a particular case may give rise to an equitable estoppel against the party seeking to set up the statute of frauds and foreclose such party from relying thereon. The operation of the doctrine of equitable estoppel is not limited to any particular class of contracts included within the statute of frauds, provided always the essential elements of an estoppel are present. (*Wilson* v. *Bailey, supra,* pp. 421, 423; *Wilk* v. *Vencill,* 30 Cal.2d 104, 108 [180 P.2d 351].) The doctrine is not destructive of the statute of frauds, as appellant contends. (*Wilk* v. *Vencill, supra.*) As said in *Wilson* v. *Bailey, supra,* page 423; "It is a general equitable principle, a part of the broader equitable doctrine stated in *Dickerson* v. *Colgrove,* 100 U.S. 578, 580 [25 L.Ed. 618] and quoted therefrom in *Carpy* v. *Dowdell,* 115 Cal. 677, 687 [47 P. 695], as follows: 'The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both.' "

Where a party, in reliance on a parol contract that should have been reduced to writing, has changed his position or parted with value so that it would be an injustice to permit the other party to rely on the statute of frauds, the doctrine of equitable estoppel will be invoked and the statute of frauds is not available to perpetuate the fraud. (*Grant* v. *Long,* 33 Cal.App.2d 725, 740 [92 P.2d 940].) The doctrine

has been applied to a state of facts identical with those found by the court in the present case. (*Karns* v. *Olney*, 80 Cal. 90 [22 P. 57, 13 Am.St.Rep. 101]; *Fleming* v. *Dolfin*, 214 Cal. 269, 270 [4 P.2d 776, 78 A.L.R. 585]; *Brenneman* v. *Lane*, 87 Cal.App. 414, 417 [262 P. 400].)

█ Had it not been for Bisno's promise, plaintiff no doubt could have arranged with the owner to receive the entire amount of Bisno's offer and to pay plaintiff therefrom a commission of $2,500. The finding, supported by the evidence, that Bisno orally agreed to pay the $2,500; that in reliance thereon plaintiff irremediably changed his position to his detriment by releasing the owners of the property from any obligation to pay him a commission is sufficient to support the court's conclusion that the statute of frauds was not available to Bisno. (*Columbia Pictures Corp.* v. *De Toth*, 26 Cal.2d 753, 759 [161 P.2d 217, 162 A.L.R. 747]; *Halsey* v. *Robinson*, 19 Cal.2d 476, 481 [122 P.2d 11]; *Vierra* v. *Pereira*, 12 Cal.2d 629 [86 P.2d 816]; *Wilson* v. *Bailey*, 8 Cal.2d 416 [65 P.2d 770].)

█ Appellant's second contention is without merit. This question must be decided upon the premise that Bisno made a valid enforceable agreement with plaintiff. Bisno's agreement was to pay plaintiff $2,500. Bisno is estopped from relying on the statute of frauds. Therefore, the court enforced Bisno's oral agreement. The agreement to pay the $2,500 was complete prior to the signing of any escrow instructions. Bisno could not, by having Wolfe sign a supplemental escrow instruction authorizing the escrow holder to pay the $2,500 "if and when deal is closed," without the knowledge or agreement of plaintiff, release himself from his obligation. Neither could Bisno, by refusing to perform the buyer's obligations in the escrow, free himself of his obligation to plaintiff. The added words did not purport to give him the right to withdraw from the deal. There was nothing in plaintiff's agreement with Bisno making his right to compensation contingent or dependent upon anything other than his releasing the sellers from their obligation to pay him a commission and his obtaining from the sellers a net price exclusive of any commission to plaintiff. Plaintiff had performed before the opening of the escrow. His right to the $2,500 had accrued. It makes no difference whether the "deal" was closed or not. As said in *Clark* v. *Dulien Steel Products, Inc.*, 54 Cal.App.2d 92, 97 [128 P.2d

608] : ''Unless the wording of the agreement with the broker made payment of his commission contingent upon the performance of the terms of the contract between the seller and the buyer or any of them, the voluntary abandonment of it by them could not affect the broker's rights.'' (See, also, *Levy* v. *Dusenbery*, 32 Cal.App. 411, 417 [163 P. 231]; *Kaufman* v. *Haney*, 80 Cal.App.2d 249 [182 P.2d 250].)

Judgment affirmed.

Shinn, Acting P. J., and Wood, J., concurred.