[Civ. No. 5162.    Fourth Dist.    July 12, 1956.]

WILLIAM F. BOUCHARD et al., Respondents, v.
GLEN S. COLE et al., Appellants.

Allan Lame for Appellants.

Franklin B. Orfield for Respondents.

MUSSELL, J.—This is an action for declaratory relief in which plaintiffs seek a determination of their rights under an agreement to purchase a weight-reducing business in the city of San Diego, known as the "Stauffer System." Defendants in their cross-complaint pray for judgment against plaintiffs for the balance due on a promissory note given in part payment of the purchase price of said business. The trial court rendered judgment in favor of the cross-complainants for the amount due on the promissory note, less the sum of $1,575 allowed plaintiffs as damages by reason of the breach of cross-complainants of their agreement not to engage in business in competition with plaintiffs. Glen S. Cole and Velma M. Cole, defendants and cross-complainants, appeal from the judgment, claiming that the court erred in allowing the sum of $1,575 as a setoff against the balance due on the note.

On June 2, 1952, plaintiffs and defendants entered into a written agreement wherein the Coles agreed to transfer to the Bouchards the business owned by the Coles, known as the "Stauffer System," at 905 "E" Street in San Diego, together with the existing patronage. The Coles further agreed to

surrender their existing franchise from Stauffer and as a part of the purchase price, the Bouchards executed a promissory note payable to the Coles for $2,250, with interest. This note was unpaid at the time of trial. The business acquired by the plaintiffs was conducted in a salon where customers, under the supervision of Stauffer trained technicians, are placed on specially built tables which vibrate or move in a manner calculated to effect a reduction in the customer's weight.

The Stauffer franchise which the Coles had obtained from Stauffer, and which was surrendered by the Coles, was evidenced by an agreement between Stauffer and the Coles wherein the Coles were given the exclusive right to use the trade name of "Stauffer System" in the city of San Diego and elsewhere. The Stauffer System franchise given to the Coles contained the following provision:

"In the event of the termination of this agreement for any reason, the licensees agree not to engage in any business predicated upon the principle of the 'Stauffer System' or in competition therewith, within the territory herein described, for a period of two years after such termination, either directly or indirectly."

The contract of sale of June 2, 1952, was prepared by Cole and when it was presented to Bouchard, he pointed out to Cole that it did not include a provision that the Coles would not engage in competitive business for a period of two years as was provided in the preliminary draft of the contract which Cole had previously submitted. In this connection Bouchard testified that they had a definite clause in the preliminary contract that Cole would not go into competitive business with them for two years and that Cole left this provision out of the final contract, stating that it was already in his contract with Stauffer and that there was no necessity for it inasmuch as it was in the franchise agreement. Cole further stated that there was no possible way "that they could go into business with the Bouchards."

The Bouchards took possession of the business on June 15, 1952, and approximately three months thereafter, the Coles obtained a distributorship from B. H. Stauffer, the owner of the Stauffer System, giving them the right to sell and distribute "Stauffer Home Plan" units, which units were tables built by Stauffer similar to those used by plaintiffs and were sold to customers for use in their own homes, with no supervised exercises. Within two years from the sale of

the business to the Bouchards the Coles sold 25 of the Stauffer Home Plan units at a profit of $75 per unit and used the designation ''Stauffer'' and ''Stauffer System'' in their advertisement to effect such sales. The record also shows that the Coles retained the list of customers of the business sold to the Bouchards and that some of these customers were contacted by the Coles.

When the June 15, 1953, payment on the purchase price of the business became due, the Bouchards refused to pay and filed this action for declaratory relief, for an injunction and damages. They sought a determination of their rights under the agreement of June 2, 1952, and under the franchise agreement with Stauffer. There was no allegation in the complaint that the Coles had orally agreed that they would not enter into any business in competition with the Bouchards for a period of two years and the trial court, after filing a memorandum of opinion on February 17, 1955, permitted the Bouchards to file an amendment to their complaint containing this omitted allegation. The amendment was filed March 17, 1955, and was allowed to conform to the proof. The findings of fact and conclusions of law were signed by the court on March 23, 1955, and the judgment was entered on March 31, 1955.

Defendants first argue that the amendment to the complaint came too late. ■ However, as is said in *Carman* v. *Athearn*, 77 Cal.App.2d 585, 594 [175 P.2d 926] :

''The allowance of amendments to conform to the proof rests in the sound discretion of the trial court. This is so even where, as here, the motion is not made until after submission of the cause. (Citations.) The greatest liberality is to be encouraged in the allowance of such amendments in order to see that justice is done.''

It does not appear that the defendants herein were prejudiced by the amendment since they had ample opportunity to introduce all relevant evidence on the issues and were informed at the commencement of the trial as to the contentions of plaintiffs.

■ Defendants next contend that the amendment introduced a new cause of action and was therefore improperly allowed. We find no merit in this contention. Plaintiffs in their complaint set forth the terms of the franchise the defendants had from Stauffer and alleged that defendants agreed to turn over to plaintiffs all the lists of the then customers of the business; that after the contract of June

2, 1952, was executed, defendants immediately began to sell reducing tables in competition with plaintiffs and used the trade name ''Stauffer System'' in violation of their franchise with Stauffer and of the franchise held by the plaintiffs; that defendants immediately began and now are contacting customers on the lists agreed to be delivered to plaintiffs, in violation of the agreement with plaintiffs. The amendment to conform to the proof merely added the allegation that defendants orally agreed that they would not enter into any business in competition with plaintiffs for a period of two years, a fact which could have been established under the complaint as within the issues without the amendment. The complaint put the defendants on notice that plaintiffs' cause of action was based upon the defendants' agreement not to compete with plaintiffs for a period of two years. It does not appear, therefore, that a new cause of action was stated in the amendment allowed.

Defendants argue that the new pleadings do not state a cause of action. However, the action was authorized under the provisions of section 1060 of the Code of Civil Procedure and such action is therein authorized in the case of a controversy relating to oral contracts and obligations. (*Zimmer* v. *Gorelnik*, 42 Cal.App.2d 440, 445 [109 P.2d 34].)

It is next contended that the parol evidence rule and the statute of frauds render the amendment and evidence of an agreement not to compete in business for two years inadmissible. This argument is likewise without merit. As is said in *Grant* v. *Long*, 33 Cal.App.2d 725, 739-740 [92 P.2d 940]:

''It is a fundamental rule that as the statute of frauds is designed to prevent fraud it cannot be invoked to perpetrate a fraud. (*Seymour* v. *Oelrichs*, 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]; *Stepp* v. *Williams*, 52 Cal.App. 237 [198 P. 661]; *Tuck* v. *Gudnason*, 11 Cal.App.2d 626 [54 P.2d 88].) This rule is based on the doctrine of estoppel. It is applied in those cases in which one party, in reliance on a parol contract that should have been reduced to writing, has changed his position or parted with value so that it would be an injustice to permit the other party to plead the statute of frauds.''

In the instant case defendants stated to plaintiffs that they were bound by the provisions of their franchise agreement with Stauffer and that they could not compete with

plaintiffs. Plaintiffs, relying upon these representations, took over the business and operated it for several months, when defendants commenced their competitive activities.

■ Where a party, in reliance upon a parol contract that should have been reduced to writing, has changed his position or parted with value so that it would be an injustice to permit the other party to rely on the statute of frauds, the doctrine of equitable estoppel will be invoked and the statute of frauds is not available to perpetuate the fraud. (*Le Blond* v. *Wolfe*, 83 Cal.App.2d 282, 286 [188 P.2d 278].)

■ Parol evidence of the agreement of the parties was admitted to explain ambiguity in the written contract and the rule is that when the parol evidence which is offered is entirely consistent with and in no way changes or contradicts the written instrument, such parol evidence may be admitted. (*Cotton* v. *Riverside Cement Co.*, 29 Cal.App.2d 588, 592 [85 P.2d 136].)

Defendants' final contention is that the court erred in allowing damages for defendants' breach of their agreement not to engage in competitive business with plaintiffs. However, defendants do not cite any authority to sustain their contention in this connection and do not claim that the damages awarded were excessive. There is substantial evidence that appellants used the list of customers which they agreed to furnish to plaintiffs and sold home plan units advertising the name of "Stauffer." ■ It was not necessary that the court itemize the damages awarded (*Laird* v. *Steinmann*, 97 Cal.App.2d 781, 786 [218 P.2d 780]), and the rule is that one whose wrongful conduct has rendered difficult the ascertainment of damages cannot escape liability because the damages could not be measured with exactness. (*Zinn* v. *Ex-Cell-O Corp.*, 24 Cal.2d 290, 297-298 [149 P.2d 177].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.