[Civ. No. 33572. Second Dist., Div. Four. Dec. 23, 1968.]

LOS ANGELES CEMETERY ASSOCIATION, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THRIFTIMART, INC., Real Party in Interest.

---

---

Richard A. Perkins for Petitioner.

No appearance for Respondent.

William J. Currer, Jr., and Richard T. Kayaian for Real Party in Interest.

KINGSLEY, J.—Petitioner purchased certain real property which was under lease to Customers Finance Co., Inc. Customers thereafter defaulted in payment of rent on the lease, abandoned the premises and failed in business. Petitioner filed suit against the vendor and against Thriftimart, Inc., alleging that Customers was a subsidiary of Thriftimart, and that both Thriftimart and the vendor had made fraudulent representations to petitioner as to Customers' financial status. Subsequently, petitioner amended its pleadings in an attempt to state a cause of action against Thriftimart for the unpaid rent under the lease, on the theory that Customers was a mere *alter ego* of Thriftimart, thereby making the latter directly liable for Customers' obligations under the lease. A demurrer to this cause of action was sustained with leave to amend. The time within which petitioner may file such amendment has been extended and has not yet expired. Petitioner then served on Thriftimart the interrogatories herein involved, which seek to obtain from Thriftimart information that might enable petitioner to plead its *alter ego* theory with more particularity. These interrogatories remain unanswered. After a hearing, the trial court denied petitioner's motion for an order to compel answers and granted Thriftimart's motion for a ''protective order'' against the interrogatories. Petitioner seeks a writ from us that will compel answers to the interrogatories heretofore served. We grant such a writ.

The action of the trial court was based on the theory that discovery may not be used to secure facts on which a pleading may be based, but only to secure data relevant to a valid pleading already on file. We conclude that, on the facts in the case at bench, that reasoning was erroneous.

Petitioner relies on *McClatchy Newspapers* v. *Superior Court* (1945) 26 Cal.2d 386 [159 P.2d 944], wherein discovery

was allowed in aid of a cause of action against which a demurrer had been sustained without leave to amend. The real party in interest contends that *McClatchy* was decided prior to the enactment of the present Discovery Act and is no longer controlling, and cites us to three decisions of the Superior Court of Los Angeles County wherein rulings similar to that herein involved were made.[1]

We need not, in this case, attempt to decide the broad issue thus pressed upon us. Clearly, there are cases in which discovery should not be allowed merely to enable a litigant to discover whether or not he has a cause of action or a defense. But each discovery case must be determined on its own facts. What may be oppressive in one case may not be in another. We conclude that, in this case and on this record, the discovery sought was proper.

While it is, of course, true that we may not, in the present proceeding, review the action of the trial court in sustaining general and special demurrers to petitioner's amended complaint, still we take note of two factors: (1) that the order permitted petitioner to amend his pleading, so that the *alter ego* issue is still, to some extent, involved in the case; and (2) that, while it is the better practice to allege the facts upon which a plaintiff seeks to hold a defendant on the *alter ego* theory, still it is the law of California that that issue may be raised by a simple allegation that the defendant sought to be charged had made the contract involved. (*Pan Pacific Sash & Door Co.* v. *Greendale Park, Inc.* (1958) 166 Cal.App.2d 652, 655-656 [333 P.2d 802].) Had petitioner elected to proceed by such a conclusionary but permissible allegation, its right thereafter to seek by discovery the facts by which that allegation might be proved would have been beyond question. We do not think that it should be prejudiced because it desires to utilize a form of pleading more informative to the real party in interest. Since, in the case at bench, it is not contested that petitioner intends, in good faith, to pursue a theory of liability as to which it already possesses some data, and that fact already appears of record in the trial court, we think that it was an abuse of discretion to deny it the opportunity to obtain information relevant to its theory.

Let a writ of mandate issue, directing respondent court to

---

[1]*Bourns, Inc.* v. *Sprectrol Electronics Corp.* (1965) 6 Cal.Disc. 82; *Maier Brewing Co.* v. *Grace Bros. Brewing Co.* (1963) 5 Cal.Disc. 48; *Brahms* v. *Gerstenfeld* (1963) 4 Cal.Disc. 157.

vacate its order of July 11, 1968, in its case number 891,956, and to compel real party in interest to answer interrogatories numbered 14-22 inclusive, heretofore served on it in said action.

Files, P. J., and Wapner, J. pro tem.,* concurred.

A petition for a rehearing was denied January 13, 1969, and the petition of the real party in interest for a hearing by the Supreme Court was denied February 19, 1969.

*Assigned by the Chairman of the Judicial Council.