[Civ. No. 39246. Second Dist., Div. Four. Aug. 15, 1972.]

RUSSELL D. KEELY, Plaintiff and Appellant, v.
DAVID G. PRICE, Defendant and Respondent.

## COUNSEL

Robert W. Gibbs for Plaintiff and Appellant.

Latham & Watkins, Alan N. Halkett, and Michael J. Shockro for Defendant and Respondent.

## OPINION

KINGSLEY, J.—The complaint sets forth three causes of action: breach of contract; fraud; and interference with advantageous economic relationship. Defendant Price, the only named defendant, filed a demurrer to all three causes of action. The demurrer was sustained without leave to amend, an order of dismissal was filed, and plaintiff appeals.

Plaintiff, a licensed real estate broker, alleged as follows: Originally the seller of certain property engaged plaintiff broker to find a buyer for the property, and the seller orally agreed to pay plaintiff's commissions. Plaintiff presented the properties to defendant Price, an attorney. Defendant Price, on behalf of a group of buyers, made an offer lower than the asking price. The seller agreed to the lower price if the buyers would pay plaintiff's commission, and if plaintiff would release the seller from its obligation to pay plaintiff's commission. Defendant Price orally agreed on behalf of the buyers to pay plaintiff's commission, and the seller thereby agreed to the lower purchase price. In reliance on defendant Price's promise to pay his commission, plaintiff performed services and incurred expenses while acting as a broker. Notwithstanding defendant Price's promise to reduce the agreement to writing, defendant Price failed to make a writing. The sale was consummated and plaintiff was paid no commission. Plaintiff alleged that defendant refused to pay the commission and induced all the purchasers not to pay the commission.

Plaintiff alleged the above in three causes of action. The first cause of action was based on breach of contract. (At the hearing on the demurrer, plaintiff argued that the estoppel doctrine removed the oral agreement from the statute of frauds.) In the second cause of action plaintiff alleged that defendant and his principals committed fraud in that they made a promise to make a writing and a promise to pay without intent to perform. In the third cause of action plaintiff alleges that defendant Price induced the buyers not to pay plaintiff's commission, alleging the tort of interference with advantageous economic relationship.

Plaintiff also argues that he should have been given the opportunity to take Price's deposition. He asserts that he was uncertain of the identity of the purchasers and he was uncertain as to whether a written memorandum of his agreement with defendant Price had ever been embodied in any documents. Plaintiff alleges that he attempted to take defendant's deposition to see if such documents existed, but defendant's attorney told plaintiff's attorney that Price would be unavailable for a deposition until May 28, 1971. In the early part of May the demurrer was heard and sustained

on the grounds that "Estoppel does not apply where plaintiff's only arrangement with seller was oral." Thus, defendant Price's deposition was never taken, and plaintiff alleges that he should have been granted the opportunity to take Price's deposition.

Plaintiff contends that it was error to sustain the general demurrer without leave to amend.

## I

Plaintiff's first assertion is that, although the agreement with defendant to pay his commission was oral, and in violation of the statute of frauds, he alleged sufficient facts to invoke the estoppel doctrine, thereby removing the agreement from the statute of frauds. Plaintiff argues that a defendant is precluded from asserting the statute of frauds where the plaintiff would be unconscionably injured or the defendant unjustly enriched and the plaintiff, in reliance on the oral promise, has changed his position. (*Monarco* v. *Lo Greco* (1950) 35 Cal.2d 621 [220 P.2d 737].) Although plaintiff has pled that he changed his position in reliance on defendant's promise and that defendant was unjustly enriched, the *Monarco* ruling has not been generally applied to oral contracts to pay a real estate broker's commission. "The rule is established in California that an estoppel to plead the statute of frauds cannot be predicated upon the . . . refusal to comply with an oral promise to pay a commission." (See, *Herzog* v. *Blatt* (1947) 80 Cal. App.2d 340, 343 [180 P.2d 30]; also, *Pac. etc. Dev. Corp.* v. *Western Pac. R. R. Co.* (1956) 47 Cal.2d 62, 70 [301 P.2d 825]; *Hicks* v. *Post* (1908) 154 Cal. 22 [96 P. 878]; *King* v. *Tilden Park Estates* (1958) 156 Cal.App.2d 824 [320 P.2d 109]; *Augustine* v. *Trucco* (1954) 124 Cal. App.2d 229 [268 P.2d 780]; *White* v. *Hirschman* (1942) 54 Cal.App.2d 573, 574 [129 P.2d 430]; *Sweeley* v. *Gordon* (1941) 47 Cal.App.2d 381 [118 P.2d 14].)

Plaintiff relies on a single case for the proposition that the estoppel doctrine is applicable to oral agreements to pay real estate brokers' commissions. (*Le Blond* v. *Wolfe* (1948) 83 Cal.App.2d 282 [188 P.2d 278].) Although the *Le Blond* case was cited with approval by the Supreme Court in *Monarco* v. *Lo Greco* (1950) *supra,* 35 Cal.2d 621, and in *Pacific etc. Dev. Corp.* v. *Western Pac. R. R. Co.* (1956) *supra,* 47 Cal.2d 62, 70, and by the appellate court in *King* v. *Tilden Park Estates* (1958) *supra,* 156 Cal.App.2d 824, the *Monarco* case did not involve real estate brokers' commissions, and the other two cases citing *Le Blond* distinguished *Le Blond* on its facts, and relied on the general rule which bars real estate brokers from applying the estoppel doctrine to oral contracts to pay a broker's commission.

In *Pacific etc. Dev. Corp.* v. *Western Pac. R. R. Co.* (1956) *supra,* 47 Cal.2d 62, 70, the court distinguished *Le Blond* as follows: "Nor is there any merit to plaintiff's contention that defendant is estopped to plead the statute of frauds by reason of the fact that Stratton, on behalf of defendant, finally concluded an option agreement with Lenfest for purchase of the property and the sale was subsequently consummated. This is not a case of unconscionable injury to plaintiff because of a change of position in reliance upon the alleged contract of employment (*Le Blond* v. *Wolfe,* 83 Cal.App.2d 282 [188 P.2d 278]) or an unjust enrichment of defendant through acceptance of the benefits of the alleged contract without itself being obligated thereunder. (*Monarco* v. *Lo Greco,* 35 Cal.2d 621 [220 P.2d 737].) The fact that plaintiff rendered services and conducted unsuccessful negotiations with Lenfest does not constitute a change of position to plaintiff's detriment, nor does the fact that defendant refused to pay plaintiff a real estate commission upon an option which defendant later procured through direct negotiations with Lenfest constitute an unjust enrichment within the meaning of the estoppel doctrine. To hold otherwise, in the absence of any showing of fraud, would defeat the purpose of the statute of frauds in relation to real estate transactions. (*Hicks* v. *Post,* 154 Cal. 22, 28 [96 P. 878]; *Augustine* v. *Trucco,* 124 Cal.App.2d 229, 241-244 [268 P.2d 780]; *Hooper* v. *Mayfield, supra,* 114 Cal.App.2d 802, 809 [251 P.2d 330]; *Colburn* v. *Sessin, supra,* 94 Cal.App.2d 4, 6 [209 P.2d 989].)"

*King* v. *Tilden Park Estates* (1958) *supra,* 156 Cal.App.2d 824, 831, also distinguished *Le Blond* stating: "*Le Blond* v. *Wolfe,* 83 Cal.App.2d 282 [188 P.2d 278], cited by the appellant, is easily distinguishable. In that case, the plaintiff real estate broker had a written contract obligating the seller to pay him a commission. The broker released the seller from this obligation in reliance on the oral promise of the defendant purchaser to pay the commission. The appellate court affirmed the judgment for the plaintiff, holding that the doctrine of estoppel applied as the plaintiff had immediately changed his position to his detriment by releasing the seller. In the instant case, the appellant alleged an oral agreement with the seller Ross (the existence of which Ross denied), which appellant allegedly gave up in return for the respondent's oral promise. It is elementary that the giving up of an unenforceable right is not sufficient consideration for a new promise."

In *Le Blond* v. *Wolfe, supra,* the plaintiff therein released the owners of the property from their obligation to pay him a commission in reliance on an oral promise to pay. The *Le Blond* court said: "Had it not been for Bisno's promise, plaintiff no doubt could have arranged with the owner

to receive the entire amount of Bisno's offer and to pay plaintiff therefrom a commission of $2,500. The finding, supported by the evidence, that Bisno orally agreed to pay the $2,500; that in reliance thereon plaintiff irremediably changed his position to his detriment by releasing the owners of the property from any obligation to pay him a commission is sufficient to support the court's conclusion that the statute of frauds was not available to Bisno. [Citations.]" (*Le Blond* v. *Wolfe* (1948) 83 Cal.App.2d 282, at p. 287 [188 P.2d 278].)

■ Thus, it appears from *Le Blond* v. *Wolfe*, and from *King* v. *Tilden Park Estates,* and from some language in *Pacific etc. Dev. Corp.* v. *Western Pac. R. R. Co.,* that where the plaintiff broker changes his position in reliance on the defendant's oral promise to pay the commission *by releasing the owners of the property from a binding obligation to pay a commission,* an exception to the general rule is created, and the defendant is estopped from asserting the statute of frauds.

Although the facts before us are strikingly similar to those in *Le Blond,* since in the instant case plaintiff released the seller from an oral promise to pay his commission, *Le Blond* is distinguishable. In *Le Blond* the plaintiff "irremediably changed his position to his detriment by releasing the owners of the property from *any obligation* to pay him a commission . . . ." (Italics supplied.) Although *Le Blond* does not expressly state that the original contract with the sellers was written, the *Le Blond* court focused on the fact that the owners had at one time an obligation to pay the broker a commission. The existence of an enforceable contract with the sellers appears to be a crucial factor in applying the estoppel doctrine. In *King* v. *Tilden* the court specifically and unequivocally stated that for the rule of *Le Blond* to apply the broker's contract with the sellers for the payment of the commission must have been an enforceable, written contract which plaintiff gave up in reliance on defendant's oral promise.

Thus, in order for the exception of *Le Blond* to apply to the plaintiff before us, plaintiff broker must be able to allege that he gave up an enforceable right to collect his commission from the seller in reliance on defendant Price's oral promise to pay a commission. In the instant case, plaintiff pled that his original promise from the seller was an *oral* promise; therefore plaintiff cannot allege that he gave up an enforceable right in reliance on defendant's promise. Since it appears on the face of the complaint that plaintiff did not give up an enforceable right in reliance on defendant's oral promise to pay, plaintiff has not brought himself within the exception of *Le Blond,* and defendant Price is not estopped from relying on the statute of frauds.

## II

Plaintiff alleges that in his second cause of action he has successfully pled fraud by pleading that defendant promised to pay a commission and promised to make a written contract, and defendant made those promises without intent to perform them. In *Kroger* v. *Baur* (1941) 46 Cal.App.2d 801 [117 P.2d 50], the court said at page 803:

"An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission is invalid unless the same, or some note or memorandum thereof, is in writing, and subscribed by the party to be charged or by his agent. (Civ. Code, § 1624; Code Civ. Proc., § 1973.) Appellant contends that his action is not upon the invalid agreement, but is an action for damages for fraud, upon the theory that the oral promise to pay him a commission was made without any intention of performing it and for the purpose of inducing him to waive a written memorandum. If the law can be thus nullified by the transparent device of predicating a tort action upon the invalid oral promise on the ground that the promisor did not intend to perform it, then the section might just as well be stricken from the statute. To license such a circuitous procedure to evade the provisions of such legislation would be to nullify and destroy its wholesome effect and the protection it affords against fraud. Assuming, as we must, that the allegations of the complaint are true, nevertheless the hardship thus falling upon the plaintiff must be borne by him, as this situation is precisely that which the statute of frauds was designed to prevent."

■ If the statute of frauds cannot be avoided on the theory that the oral promise to pay a commission was made without intent to perform, it follows that the statute of frauds also cannot be avoided on the theory that the oral promise to reduce the agreement to writing was made without any intent to reduce the agreement to writing.

## III

Plaintiff alleges that, in his third cause of action, he properly pled the tort of interference with advantageous economic relationship. Plaintiff alleged therein that defendant Price induced the buyers, Does I through VIII, and himself not to perform the oral agreement. Defendant argues that the pleading fails because one cannot induce oneself to breach a contract. Defendant secondly argues that the pleading fails because plaintiff admits in his pleading that there was no probability that the agreement would have ever been performed by the buyers for which reason there was advantageous economic relationship that could have been disrupted

by Price. We have examined the pleading, and, although there is some language to suggest that plaintiff is relying on an allegation that Price induced himself and others to breach the contract, the language of paragraph 27 of the third cause of action can be amended to allege that Price induced Does I through VIII not to pay plaintiff's commission; any suggestion that Price induced himself not to pay may be omitted.

Defendant's second objection to the third cause of action, though well taken, is also capable of cure by amendment. Plaintiff can amend his pleading to show that if it were not for Price's conduct, the buyers would have paid plaintiff's commission even though that agreement was oral.

In the case at bench the third cause of action did not appear incapable of amendment, and plaintiff should have been granted leave to amend.

█ The fact that the original contract between plaintiff and the seller was oral and unenforceable, and the fact that the contract between plaintiff and the buyers was also oral and unenforceable, would not bar plaintiff's action against defendant for interference with advantageous economic relationships. The court said in *Zimmerman* v. *Bank of America* (1961) 191 Cal.App.2d 55, at page 57 [12 Cal.Rptr. 319]: "The tort of interference with an advantageous relationship, or with a contract, does not, however, disintegrate because it relates to a contract not written or an advantageous relation not articulated into a contract. The nature of the tort does not vary with the legal strength, or enforceability, of the relation disrupted. The actionable wrong lies in the inducement to break the contract or to sever the relationship, not in the kind of contract or relationship so disrupted, whether it is written or oral, enforceable or not enforceable."

The *Zimmerman* court stated that in *Augustine* v. *Trucco* (1954) 124 Cal.App.2d 229 [268 P.2d 780], the complaint failed, not because the real estate contract was oral but because the complaint did not show defendant's conduct was the cause of the breach. In the instant case, plaintiff has a right, if he can, to amend to show that Price's interference was the cause either of the seller's failure to pay plaintiff's commission, or plaintiff may amend his pleading (paragraph 27, third cause of action) to allege that defendant induced the buyers to fail to pay plaintiff's commission. The fact that the obligation of either the seller or the buyers to pay the commission was an unenforceable obligation under the statute of frauds does not defeat plaintiff's third cause of action of interference with advantageous economic relationships.

## IV

It follows from what has been said above that the demurrer to the third cause of action should not have been sustained without leave to amend. Once that leave is granted, plaintiff should be given the opportunity to take Price's deposition and to pursue other modes of discovery in aid of such amendment (*Los Angeles Cemetery Assn.* v. *Superior Court* (1968) 268 Cal.App.2d 492 [74 Cal.Rptr. 97]), and the time allowed by the trial court for filing any amendment to that count should take into consideration that right.

If, as plaintiff suggests in this court, such discovery procedures also disclose that the statute of frauds was, in fact, satisfied by some provision in the escrow agreement or otherwise, plaintiff should be allowed to file a motion requesting to amend his complaint in order to allege a cause of action on that theory.

The attempted appeal from the order sustaining a demurrer is dismissed; the order of dismissal is reversed and the case is remanded for further proceedings consistent with this opinion.

Jefferson, Acting P. J., and Dunn, J., concurred.