[Civ. No. 22036. Fourth Dist., Div. One. June 19, 1980.]

VERNON S. OWENS, Plaintiff and Appellant, v.
FOUNDATION FOR OCEAN RESEARCH et al., Defendants and
Respondents.

**COUNSEL**

Levy, Saxon & Alt, Mark A. Saxon and Gary L. Kincannon for Plaintiff and Appellant.

Thompson, Sullivan, McGrath & McDonald, Eric V. Benham and Donald McGrath II for Defendants and Respondents.

**OPINION**

**BROWN (Gerald), P. J.**—Vernon S. Owens appeals a judgment dismissing his action against the Foundation for Ocean Research (FOR) and its representatives for damages based upon claims in equitable estoppel, fraud, interference with contract and/or prospective economic advantage, civil conspiracy, and breach of warranty of authority. The trial court dismissed the action after sustaining FOR's demurrer on the ground the complaint failed to state any cause of action on the facts alleged.

■ It should be noted at the outset our review is limited by the following established principles: A demurrer admits the truth of all properly pleaded material allegations in the complaint, without regard to the difficulty of proof (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216]). The allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties (*King* v. *Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857], quoting from *Youngman* v. *Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 244-245 [74 Cal.Rptr. 398, 449 P.2d 462]). However, all intendments weigh in favor of the regularity of the trial court proceedings and the correctness of the judgment. Unless clear error or abuse of discretion is demonstrated, the trial court's judgment of dismissal following the sustaining of defendants' demurrer will be affirmed on appeal (*Banerian* v. *O'Malley* (1974) 42 Cal.App.3d 604, 610 [116 Cal.Rptr. 919]).

Stating the facts most favorably to appellant, Owens orally agreed to act as FOR's broker in selling a large tract of its San Diego property (Rancho Zorro). After being assured by FOR's attorney the agreement had been reduced to writing and adopted in resolution form by the corporation's board of directors, Owens contacted Watt Industries as a potential buyer of Rancho Zorro. Watt Industries eventually bought the property, but FOR refused to pay the agreed-upon brokerage commission.

When Owens sued to recover his commission on several alternative theories of liability, FOR demurred to the complaint claiming the entire action was barred by the statute of frauds. At the hearing, Owens rejected an opportunity to amend and elected to stand on his complaint. The court, noting the thrust of the entire matter was to circumvent the statute of frauds, sustained the demurrer as to all causes of action without leave to amend.

### ESTOPPEL

Owens' first cause of action seeks recovery of his brokerage commission based on the oral listing agreement. ■ However, the statute of frauds in California requires a writing to establish the existence of a broker's listing agreement (Civ. Code, § 1624, subd. 5).[1] The courts

---

[1]Civil Code section 1624 provides: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party

have been adamant in refusing to enforce oral contracts of this type. Even estoppel doctrines have been ineffective in securing relief for brokers, who are versed in real estate law and presumed to know listing agreements are unenforceable unless written (*Pac. etc. Dev. Corp.* v. *Western Pac. R.R. Co.* (1956) 47 Cal.2d 62, 70 [301 P.2d 825]). In failing to press for a writing, brokers run the risk of relying upon the seller's oral promise and have no cause for complaint if their efforts go unrewarded (*Franklin* v. *Hansen* (1963) 59 Cal.2d 570, 575 [30 Cal. Rptr. 530, 381 P.2d 386]). The estoppel exception to the statute of frauds is only applicable where a broker in relying on the seller's representations, changes his position and suffers unconscionable injury (*LeBlond* v. *Wolfe* (1948) 83 Cal.App.2d 282, 286 [188 P.2d 278]). The rationale for denying a broker's claim is that his unsound reliance on the seller's oral promise to stand on the agreement or put it in writing later is not a legally sufficient "change of position" for purposes of pleading estoppel (*Keely* v. *Price* (1972) 27 Cal.App.3d 209, 212 [103 Cal.Rptr. 531]).

 This case is unique, however, in that it involves the seller's assurances a written, binding agreement actually exists. Since such representations would lead one to believe the contract complies with the statute of frauds, a broker's reliance may be reasonable even presuming his familiarity with the law. Unlike an oral promise to pay, the seller's affirmative misrepresentations as to the existence of a writing will support an action by the broker in equitable estoppel (see 1 Miller & Starr, Current Law of Cal. Real Estate (1975) § 1:54, p. 73, fn. 10). To hold otherwise would suggest a broker cannot trust *anything* the seller says. This is impractical in everyday business transactions which often depend upon the personal integrity of the parties. The statute of frauds should not necessarily require a broker's insistence on seeing the actual written contract before doing any work. An oral agreement is enforceable, despite the statute of frauds, where one party to the agreement is prejudicially led to believe a writing exists because of the misrepresentations of the other party (Civ. Code, § 1623).[2]

---

to be charged or by his agent:

" . . . . . . . . . . . . .

"5. An agreement authorizing or employing an agent, broker, or any other person to purchase or sell real estate, or to lease real estate for a longer period than one year, or to procure, introduce, or find a purchaser or seller of real estate or a lessee or lessor of real estate where such lease is for a longer period than one year, for compensation or a commission; . . ."

[2]Civil Code section 1623 provides: "Where a contract, which is required by law to be in writing, is prevented from being put into writing by the fraud of a party thereto, any

## Fraud

Owens' second, third and fourth causes of action allege the facts of this case so as to encompass the various theories of fraud. ■ As with estoppel, an action for fraud will not be sustained where its purpose is merely to circumvent the statute of frauds (*Keely* v. *Price, supra,* 27 Cal.App.3d 209, 215). Since a broker is presumed to know his contract must be written, any reliance on the alleged misrepresentation is unreasonable as a matter of law (*Kroger* v. *Baur* (1941) 46 Cal.App. 2d 801, 804 [117 P.2d 50]).

■ However, a distinction similar to that used in sustaining the estoppel claim can be found in the fraud cases. A broker's reliance on a representation the contract *is written* may be reasonable. The facts supporting Owens' claim in equitable estoppel will also support an alternative cause of action for the underlying fraud.[3]

## Interference With Contract and/or Prospective Advantage and Civil Conspiracy

Owens contends his fifth and sixth causes of action state valid claims for intentional interference with contract and/or prospective advantage against FOR and its representatives. ■ However, no such action will lie against FOR because it is a party to the contract (*Dryden* v. *Tri-Valley Growers* (1977) 65 Cal.App.3d 990, 999 [135 Cal.Rptr. 720]). Similarly, agents of the contracting parties are immune from tort liability on these facts when acting within the scope of their authority (*Wise* v. *Southern Pacific Co.* (1963) 223 Cal.App.2d 50, 72-73 [35 Cal.Rptr. 652]).

Owens notes a cause of action for interference with contract could be stated against FOR representatives individually if they were acting without authority in doing the things alleged and suggests he now be allowed to delete general agency allegations which were inadvertently incorporated. However, Owens elected to stand on his complaint at the hearing below; for that reason leave to amend will not be granted on appeal.

---

other party who is by such fraud led to believe that it is in writing, and acts upon such belief to his prejudice, may enforce it against the fraudulent party."

[3]As the trial court stated, the numerous counts may be "redundant" and subject a motion to strike, but no such motion is before this court.

The seventh and eighth causes of action of the complaint allege civil conspiracy against all defendants for planning with the buyer to interfere with the brokerage agreement.[4] It would seem a party who cannot be sued for the underlying tortious conduct would likewise be immune from liability for conspiring with another for the same purpose. However, the separate act of conspiring to interfere with a contractual relationship is actionable independent of any claim based on the underlying wrong (*Olivet* v. *Frischling* (1980) 104 Cal.App.3d 831, 838 [164 Cal. Rptr. 87]). An action for civil conspiracy to induce breach of contract will lie against a party to the contract, even though the party may not be held directly liable for the tortious conduct itself (*Wise* v. *Southern Pacific Co., supra*, 223 Cal.App.2d 50, 71).

## WARRANTY OF AUTHORITY

Finally, in his ninth cause of action, Owens sets out the numerous representations made by FOR's attorney, Stutz, about his authority to speak for the corporation. Nowhere is it alleged, however, Stutz breached this warranty of authority in his dealings with Owens. Such an allegation is essential to the statement of this cause of action. (Civ. Code, § 2342; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, § 181, p. 778). The demurrer was properly sustained.

The judgment dismissing appellant's second, third and fourth causes of action is reversed as to all respondents. Judgment dismissing the first, seventh and eighth causes of action is reversed as to Foundation for Ocean Research only. In all other matters, the judgment is affirmed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied July 7, 1980, and respondents' petition for a hearing by the Supreme Court was denied August 27, 1980.

---

[4]General agency allegations are also included in these causes of action. Since Owens will not be permitted to amend his complaint on appeal, these claims boil down to an alleged conspiracy between FOR and Watt Industries to breach FOR's brokerage contract with Owens.