Filed 3/5/13  Magallanes v. Bank of America CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ALEXANDER JOSEPH MAGALLANES et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>        Defendant and Respondent. | E054234<br><br>(Super.Ct.No. CIVDS915608)<br><br>**OPINION** |

APPEAL from the Superior Court of San Bernardino County.  John M. Pacheco, Judge.  Affirmed.

Equity Law Group and Lofty Mrich for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton, Eric J. Troutman and Amir A. Torkamani for Defendant and Respondent.

Plaintiffs Alexander and Alejandra Magallanes sued defendant Bank of America for fraud and other alleged causes of action arising from a loan they obtained on their home and a deed of trust securing the loan.  Defendant successfully demurred to the

1

complaint, the first amended complaint, and the second amended complaint. A third amended complaint was then filed, and defendant's demurrer was sustained without leave to amend. Judgment was entered on July 28, 2011.

Plaintiffs appeal, contending generally that they alleged facts sufficient to state various causes of action and that the trial court abused its discretion in sustaining the demurrer without leave to amend.

I

STANDARD OF REVIEW

A demurrer is used to test the sufficiency of the factual allegations of the complaint to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) The facts pled are assumed to be true and the only issue is whether they are legally sufficient to state a cause of action.

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.

2

[Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.  [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Our standard of review is de novo:  "Treating as true all material facts properly pleaded, we determine de novo whether the factual allegations of the complaint are adequate to state a cause of action under any legal theory, regardless of the title under which the factual basis for relief is stated.  [Citation.]" (*Burns v. Neiman Marcus Group, Inc.* (2009) 173 Cal.App.4th 479, 486.)

II

GENERAL ALLEGATIONS OF THE COMPLAINT

Treating the factual allegations of the complaint as true for purposes of testing the demurrer, we will briefly review the general allegations of the third amended complaint. However, we do not give any weight to contentions, deductions, or conclusions of fact or law.  We do consider matters that may be judicially noticed from documents in our record.[1]

Plaintiffs live in Redlands.  On March 16, 1995, they signed a deed of trust securing a loan on their home in the amount of $265,500.  Although not mentioned in the complaint, the recorded deeds of trust submitted by defendant show that the original loan

---

[1]  "Taken together, the decisions . . . establish that a court may take judicial notice of the fact of a document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity.  From this, the court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 265.)

was modified by new recorded deeds of trust in 1997, 2001, 2002, and 2008.  In addition, there is a deed of trust recorded in 1999 that secures an equity line of credit of $73,000.

Although the third amended complaint is unclear as to the specific loan or loan documents it is referencing,[2] plaintiffs generally allege that they were not given the opportunity to read the loan documents, the preprinted loan documents had a false monthly income and false occupation for the borrowers, the terms of the loan were misrepresented, and undisclosed balloon payments and a prepayment penalty were included in the loan documents.  Various allegations are made about the alleged illegality of the defendant's loan practices and documents.

The third amended complaint further alleges that there were loan modification discussions with defendant that were ultimately unsuccessful.  Plaintiffs allege that extensive misrepresentations were made by defendant in the course of the loan modification discussions.

Following the general allegations, plaintiffs attempt to allege seven causes of action.  At issue here are the fraud and injunctive relief causes of action.  Plaintiffs also suggest that they have pled facts sufficient to state a quiet title cause of action.  However, there was no attempt to state a quiet title cause of action in the third amended complaint.

---

[2]     This defect was pointed out by the court at a hearing on October 6, 2010.

## III

## THE SECOND CAUSE OF ACTION FOR FRAUD

"Generally, ""[t]he elements of fraud . . . are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" [Citation.] [However, t]he tort of negligent misrepresentation does not require scienter or intent to defraud. [Citation.] It encompasses "[t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true" [citation], and "[t]he positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true" [citations].' [Citation.] Furthermore, to establish fraud through nondisclosure or concealment of facts, it is necessary to show that the defendant 'was under a legal duty to disclose them.' [Citation.]" (*Buckland v. Threshold Enterprises, Ltd.* (2007) 155 Cal.App.4th 798, 806-807, overruled on other grounds by *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 337.)

Defendant argues that plaintiffs fail to sufficiently allege the element of reliance. After alleging the various misrepresentations of defendant and its alleged representatives, plaintiffs state: "Plaintiffs justifiably and actually relied on the misrepresentation of the above individual defendants."

"The focus of our inquiry is the requirement of actual reliance, which is a component of 'justifiable reliance.' [Citations.] A plaintiff asserting fraud by misrepresentation is obliged to plead and prove actual reliance, that is, to ""establish a

complete causal relationship" between the alleged misrepresentations and the harm claimed to have resulted therefrom.' [Citations.] Actual reliance is also an element of fraud claims based on omission: the plaintiff must establish that 'had the omitted information been disclosed, [he or she] would have been aware of it and behaved differently.' [Citation.]" (*Buckland v. Threshold Enterprises, Ltd.*, *supra*, 155 Cal.App.4th at pp. 806-807.)

Plaintiffs have failed to allege any facts showing a relation between the alleged misrepresentations and the harm sustained. The alleged misrepresentations were that the loan was a fixed-rate loan, that the monthly payments would not increase, and that the rates would actually decrease. It is further alleged that defendant's representatives stated that loan modification programs were available that would "substantially reduce their mortgage, interest rates, and principal."[3]

After the general reliance allegation quoted *ante*, plaintiffs allege that they "have suffered the consequences of finding themselves behind on their mortgage, having to file expensive lawsuit [*sic*] that costs dearly and require [*sic*] open ended expenses, court costs and fees, and other expenses just to stop the foreclosure and file however many documents and pleadings that the court will require all in the hope of forestalling the

---

[3] Plaintiffs name as defendants three individuals who allegedly made the misrepresentations. These persons are each alleged to be "an individual who has acted like an independent contractor in relation to other defendants but most particularly BOFA and thereby personally liable to plaintiffs in [their] own individual capacity." While we find these allegations inadequate, we will assume, for purposes of demurrer, that the named individuals were representatives of defendant Bank of America.

default and the foreclosure sale and other process including the eventual expungement of plaintiff's bad credit consequence situation."

We agree with defendant that this allegation does not establish that plaintiffs would have acted differently if they had known the true facts. While their default and impending foreclosure may have cost them legal fees and costs, they do not allege they would not have agreed to the loan if they had known the true facts. After all, they received a very substantial loan of money from defendant, and they have not repaid it.

Plaintiffs allege generally that they were not provided a reasonable opportunity to read or review the loan documents. But they do not allege any facts relating to the manner of signature to support the allegation.

Defendant cites *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394: "California law, like the Restatement, requires that the plaintiff, in failing to acquaint himself or herself with the contents of a written agreement before signing it, not have acted in an objectively unreasonable manner. One party's misrepresentations as to the nature or character of the writing do not negate the other party's apparent manifestation of assent, if the second party had 'reasonable opportunity to know of the character or essential terms of the proposed contract.' [Citation.] If a party, with such reasonable opportunity, fails to learn the nature of the document he or she signs, such 'negligence' precludes a finding the contract is void for fraud in the execution. [Citation.]" (*Id.* at p. 423.)

7

Plaintiffs have failed to allege any facts that would lead to a conclusion that they did not have a reasonable opportunity to read any or all of the documents before signing them.

Plaintiffs do allege, however, that one of their signatures on one of the deeds of trust was forged.[4] This is a repeat of an allegation in the second amended complaint. The second amended complaint attaches, as an exhibit, a purported report from a document examiner that concludes that the signature of Alejandra Magallanes on a "security agreement" dated February 13, 2008, is not the signature of Mrs. Magallanes. However, the subject signature is notarized, and there was no allegation that the acknowledgement was itself forged. These allegations are omitted from the third amended complaint. All that remains is a conclusory allegation that an unspecified deed of trust was forged.

Plaintiffs argued before the trial court that the fraud allegation was based on the alleged forgery. On appeal, they argue that we must accept this allegation as true for purposes of the demurrer and that they therefore properly demonstrated fraud. But even if we accept the premise, plaintiffs have failed to allege justifiable or actual reliance as discussed, *ante*.

---

[4] A notation on a deed of trust signature page in the record identifies the alleged forgery as the signature of the wife's name on the 2008 deed of trust. According to the accompanying cover page, the deed of trust relates to a different property in Redlands. The allegations are not repeated in the third amended complaint, so the discrepancies are irrelevant here.

Plaintiffs cite *Lesperance v. North American Aviation Inc.* (1963) 217 Cal.App.2d 336. In that case, the court states the elements of fraud and notes: "'It must be shown in the pleading that the damage claimed was sustained by reason of the fraud and should show the relation between the fraud and the damage alleged; that is, it must appear that the fraud and the damage sustain to each other the relation of cause and effect. [Citation.]' [Citation.] It is thus apparent that this count fails to state a sufficient basis for any relief against defendant on the theory of fraud and deceit." (*Id.* at p. 345.) The *Lesperance* case is not helpful to plaintiffs' argument.

The *Gautier* case, also relied on by plaintiffs, is likewise unhelpful to their argument. (*Gautier v. General Tel. Co.* (1965) 234 Cal.App.2d 302.) After stating the rule that fraud is never presumed, the court states: "'So in the instant case, if the plaintiff would charge the defendant corporation with making fraudulent misrepresentations it was necessary for him to allege the name of the person who spoke, his authority to speak, to whom he spoke, what he said or wrote, and when it was said or written. But the amended complaint is wholly wanting in such allegations. Therefore it did not state facts sufficient to charge the corporate defendants.' [Citation.]" (*Id.* at p. 308.) The same is true of the fraud allegations in the third amended complaint here.

We therefore agree with defendant that the facts alleged in connection with the fraud cause of action were insufficient to state a cause of action because reliance (causation) was not well pled. Similarly, we agree that the allegations regarding alleged misrepresentations in the course of loan modification discussions were not actionable

9

because the discussions did not lead to a modification and there was no possible harm from alleged misrepresentations in the course of such discussions.

IV

OTHER CAUSES OF ACTION

Plaintiffs also contend that the third amended complaint stated causes of action for breach of fiduciary duty, unfair business practices, and intentional infliction of emotional distress. This argument neglects the fact that these causes of action were alleged in the second amended complaint, and defendant's demurrer to those causes of action was sustained without leave to amend. Plaintiffs have not presented any authority that would authorize an attack on the trial court's prior order. We find that those causes of action cannot be resurrected by including them in their brief in this appeal.

Plaintiffs also argue that a quiet title cause of action is proper under the alleged facts. This argument also ignores the fact that defendant demurred to their quiet title cause of action, as alleged in the second amended complaint, and the trial court sustained the demurrer without leave to amend.[5]

---

[5] Defendant responds to the quiet title argument by citing *Miller v. Provost* (1994) 26 Cal.App.4th 1703: "This rule [that a power of sale survives the running of the statute of limitations on the promissory note] was based on the equitable principle that a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee. [Citations.]" (*Id.* at p. 1707.)

10

V

PLAINTIFFS' OTHER ARGUMENTS

Plaintiffs further argue that the fact that a preliminary injunction was issued in this case somehow prevents a different judge from changing it or dissolving it. There is no merit to this contention. A preliminary injunction can always be modified as circumstances change. "The fact that a preventive injunction purports to be 'permanent' or 'preliminary' in form is not significant. Unforeseeable circumstances necessitating modification or dissolution of the injunction may occur in either case. When the decree is continuing in nature, directed at future events, it must be subject to adaptation as events may shape the need. In the case of a preliminary injunction, there may be need for adaptability to maintain the status quo pending final determination of the matter in controversy. It would be incongruous to hold that the trial court has inherent power to modify a permanent preventive injunction, but lacks the power to modify a preliminary or temporary preventive injunction that may remain in force for years." (*Union Interchange, Inc. v. Savage* (1959) 52 Cal.2d 601, 604.)[6]

Lastly, plaintiffs argue that the trial court abused its discretion by denying them leave to again amend their complaint. But a party alleging error in this regard bears the

---

[6]      Injunctive relief is generally considered a remedy, not a cause of action. It does not stand independently but rather provides relief when a primary right is violated. (*McDowell v. Watson* (1997) 59 Cal.App.4th 1155, 1159.) Since there is no other legally sustainable cause of action alleged here, the alleged cause of action for injunctive relief also fails. Plaintiffs do not discuss this aspect of injunctive relief in their briefs.

burden of proving that there is a reasonable possibility that the defect can be cured by amendment.  (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)

"Leave to amend is properly denied when the facts are not in dispute and the nature of the claim is clear, but there is no liability under substantive law.  [Citation.] '[All] intendments weigh in favor of the regularity of the trial court proceedings and the correctness of the judgment.  Unless clear error of abuse of discretion is demonstrated, the trial court's judgment of dismissal following the sustaining of defendants' demurrer will be affirmed on appeal [citation].'  [Citation.]"  (*Wilhelm v. Pray* (1986) 186 Cal.App.3d 1324, 1330.)[7]

The trial court did not abuse its discretion in denying plaintiffs leave to amend their complaint for the fourth time.  This is particularly true when plaintiffs have not made any showing of the changes they would make to state a cause of action for fraud or injunctive relief, or any other permissible cause of action.

Under the facts plaintiffs allege in their third amended complaint, they simply cannot establish substantive liability under the law.  They have therefore not met their burden of affirmatively demonstrating error.  Accordingly, the trial court did not abuse its discretion in sustaining defendant's demurrer without leave to amend, and in entering judgment accordingly.

---

**7**　　The quote in *Wilhelm* is from *Owens v. Foundation for Ocean Research* (1980) 107 Cal.App.3d 179,182.  *Owens* was disapproved on other grounds in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 521, fn. 10.

V

DISPOSITION

The judgment is affirmed.  Defendant shall recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.